[S. F. No. 2154.   Department One.—June 5, 1902.]

## KATE SULLIVAN, Respondent, v. MARKET STREET RAILWAY COMPANY, Appellant.

NEGLIGENCE—INSTRUCTION AS TO MATTER OF FACT—NEW TRIAL.—In an action for injuries alleged to have been caused by the negligence of a street railway company, where no contributory negligence is shown, and the proof is conflicting as to the defendant's negligence, an instruction that "under the case and proofs as here made no presumption of negligence arises against the defendant from the mere fact that an accident has occurred," is in effect to tell the jury that, in the opinion of the judge, there is not sufficient evidence of negligence, and violates the constitutional provision forbidding a charge as to matters of fact, and is proper ground for the granting of a new trial by the judge.

ID.—ORDER GRANTING NEW TRIAL—CONFLICT OF EVIDENCE—REVIEW UPON APPEAL.—The order granting a new trial was in effect a declaration of the opinion of the judge that there was sufficient evidence of negligence to go to the jury; and this court will not review or disturb the action of the trial court in granting a new trial where the evidence is substantially conflicting.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

P. F. Dunne, for Appellant.

Walter H. Linforth, for Respondent.

VAN DYKE, J.—This is an appeal from an order granting a new trial. The order reads as follows: "In this action the plaintiff's motion for a new trial herein having been argued and submitted, now, by the court, it is ordered that said motion be, and the same is, hereby granted for the reason only that the court erred in giving as modified defendant's instruction relative to the presumption of negligence, being the instruction to which plaintiff's exception No. 7 was reserved in the statement on motion for new trial herein."

The modified instruction referred to reads: "In an action against a railroad company for an injury under the case and

proofs as here made, no presumption of negligence arises
against the defendant from the mere fact that an accident has
occurred.''

The plaintiff was a passenger on a Valencia-Street car,
going west, and was sitting on the right-hand side of the
dummy in the last seat towards the closed portion of the car.
A dump-cart with two men in it was traveling along the road
in the same direction as the car, partly on or near the track,
and on the right-hand side thereof. The gripman saw the
cart and sounded his gong, and at the same time slowed down
while approaching the same. As the driver of the cart looked
around and made a move towards turning out to the right,
the gripman took the rope and the car again moved forward.
In the dump-cart, lying lengthwise, there was a heavy shovel
with a long handle protruding from the rear of the cart some
four feet, and as the cart swung around to leave the track,
and when the car forged ahead, this long-handled shovel
struck the plaintiff, or, as one witness expressed it, "pin-
ioned'' her almost instantaneously. It seems to have been
conceded that there was no fault or negligence on the part of
the plaintiff, and the real question was whether it was through
the negligence of the driver of the cart or of the motorman
on the car that the injury occurred; and the testimony seems
to have been substantially conflicting upon this point.

By the above instruction the judge, in effect, said to the
jury that, in his opinion, there was not sufficient evidence to
establish the charge of negligence against the defendant, and
thus violated the provision of the constitution forbidding
him to charge the jury "with respect to matters of fact.''
Upon his attention being called thereto, upon the motion for
a new trial, he very properly set the verdict aside.

Moreover, the instruction is practically the equivalent of a
direction to the jury to find for the defendant, and evidently
they so understood it; and unless the testimony in favor of
the contention on the part of the plaintiff that it was the fault
of the motorman that the accident occurred was so slight as
not to justify the case being submitted to the jury, the in-
struction should not have been given. The judge of the court
below, therefore, in granting a new trial must have been of
the opinion that there was sufficient testimony in favor of the
plaintiff to justify the case being submitted to the jury. To

reverse the order of that court, under the circumstances, this court would have to hold, against the opinion of the trial judge, that the testimony was insufficient to warrant the case going to the jury. This brings the case within the general rule that the appellate court will not disturb the action of the trial court, based upon a substantial conflict in the evidence.

Order appealed from affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.