[L. A. No. 7192. In Bank.—August 30, 1923.]

## ETHEL B. PALMER, Respondent, v. J. H. TSCHUDY, Appellant.

[1] NEGLIGENCE—LAST CLEAR CHANCE RULE—WHAT IT PRESUPPOSES.—The last clear chance rule presupposes: that the plaintiff has been negligent; that as a result thereof she is in a situation of danger from which she cannot escape by the exercise of ordinary care; that the defendant is aware of her dangerous situation under such circumstances that he realizes, or ought to realize, her inability to escape therefrom; that he then has a clear chance to avoid injuring her by the exercise of ordinary care, and fails to do so. If all of these elements are present the rule applies and enables the plaintiff to recover, notwithstanding her own negligence; but if any of them be absent the rule does not apply and the case is governed by the ordinary rules of negligence and contributory negligence.

[2] ID.—SITUATION OF DANGER—KNOWLEDGE OF PLAINTIFF—EXERCISE OF ORDINARY CARE.—The last clear chance rule does not require that the inability of the plaintiff to escape the danger shall be due to a situation which renders it physically impossible for her to do so; it applies equally when she is wholly unaware of the danger and for that reason unable to escape it, but the rule also requires that if she is aware of the danger, or becomes aware of it, she must thereafter exercise ordinary care for her own protection.

[3] ID.—FAILURE OF PLAINTIFF TO EXERCISE ORDINARY CARE—INAPPLICABILITY OF RULE.—If, being aware of the danger and able to escape it by exercising ordinary care, plaintiff neglects to do so, she cannot invoke the last clear chance rule to place the burden of the resulting loss upon the other party.

[4] ID.—PEDESTRIAN STRUCK BY AUTOMOBILE—ACTION FOR DAMAGES—LAST CLEAR CHANCE—EVIDENCE.—In this action by a pedestrian for damages for personal injuries sustained by her when struck by an approaching automobile while she was attempting to cross a street, the facts of the case, taking either plaintiff's version or defendant's version of the accident, do not justify the application of the last clear chance rule.

[5] ID. — CONTRIBUTORY NEGLIGENCE — WITHDRAWAL OF ISSUE FROM JURY—APPEAL.—In such an action, where the trial court in-

---

1. Origin, function and mode of operation of the doctrine of last clear chance, notes, 55 L. R. A. 418; 36 L. R. A. (N. S.) 957.

structed the jury that the plaintiff was guilty of contributory negligence as a matter of law, and submitted the case to them upon the single issue of the last clear chance, upon which issue they found in favor of plaintiff, it cannot be assumed on appeal that if the issue of contributory negligence had been submitted to the jurors they would have resolved it in favor of the plaintiff.

[6] ID.—ESSENTIAL ISSUE OF FACT—ABSENCE OF FINDING—REVERSAL. To affirm a judgment in a case, tried by a jury as a matter of right, wherein the jurors have not found, either expressly or impliedly, upon an essential issue of fact, would be a miscarriage of justice.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Reversed.

The facts are stated in the opinion of the court.

Arthur W. Eckman and William B. Himrod for Appellant.

Donald Barker and Wm. H. Neblett for Respondent.

MYERS, J.—Defendant appeals from a judgment awarding damages to the plaintiff in an action for personal injuries suffered by her as a result of being struck by defendant's automobile. The plaintiff testified that she was walking with a friend westerly along the north side of Seventh Street, which runs east and west, in the city of Los Angeles, approaching the intersection of Hope Street, which runs north and south; that upon arriving at the east curb of Hope Street she glanced to the north and saw defendant's automobile approaching southbound at a distance of about one-third of a block (this block was shown by other evidence to be about 590 feet long); that she then started across Hope Street, and when she had taken two or three steps from the curb she again glanced to the north and saw the automobile still approaching, and, of course, nearer at hand; that she and her companion then proceeded on across Hope Street, and that she did not again look at or toward the approaching automobile and did not again see it until after the accident had taken place; that when she had proceeded a few feet or a few steps beyond and to the west of the center line of Hope Street she received a blow upon her right hip which threw her to the pavement; that she at first did not

realize what had happened but thereafter she saw defendant's automobile, which had come to a stop within a few feet westerly and southerly from where she lay. Plaintiff's companion, Mrs. Webb, testified to substantially the same effect, but added thereto: "The first thing I knew the machine was pretty near on top of us; I grabbed Miss Palmer by the arm and pulled her out of the way; otherwise she would have been struck. She was struck with force and hit me and knocked me down. . . . The machine stopped immediately, within two or three feet." Hope Street was fifty-six feet wide from curb to curb, and there was a gutter along the northerly curb line of Seventh Street in which water was flowing across Hope Street. The pavement of Hope Street from this gutter sloped up to the north at the rate of one foot in the first twelve feet and two inches in the next ten feet. The testimony is conflicting as to whether the pavement was wet or dry in the vicinity of this gutter. Defendant and his chauffeur testified that it was wet and slippery at the point of the accident and for a considerable distance north of the gutter, but plaintiff and Mrs. Webb testified that it was dry at the point of the collision. Plaintiff also introduced in evidence as part of her case the deposition of the defendant, who testified that the automobile was approaching the intersection at about five miles per hour, and his attention was first directed to plaintiff and her companion by his chauffeur sounding the horn; that the two ladies were then standing near the center of the street facing south with their backs to the approaching automobile, which was about forty or fifty feet away; that the automobile was proceeding at about the center of the street and the two ladies were slightly to the right thereof; that when the horn sounded they both looked around; and when the automobile was about twenty-five feet from them the horn was again sounded; that he does not remember that the ladies again looked around, and that the chauffeur then began coming to a stop; that he did not succeed in bringing the car quite to a standstill, that the pavement was wet, and because of its sloping and slippery condition the car slipped into the incline of the gutter on Seventh Street, and that the right front fender brushed the plaintiff, causing her to jump and strike the other lady, whereupon they both fell to the pavement; that the street where they were standing and

where they fell was slippery and wet; that the car stopped within a couple of feet after touching plaintiff. Plaintiff was a young woman twenty-nine years of age, in good health and in normal possession of all her faculties. The accident occurred about 2 o'clock in the afternoon, on a clear day. There was no evidence that the car was going faster than five or six miles an hour, except as it might have been inferred from the chauffeur's testimony that at five miles per hour he could have stopped in two feet on a dry pavement. He explained his failure to stop by the slope of the pavement and, as he claimed, its wet and slippery condition. So far as disclosed by the evidence, there was no other vehicle or pedestrian upon the street at the time in the immediate vicinity. Plaintiff having rested her case, defendant moved for a nonsuit upon the ground that plaintiff had failed to prove any negligence of the defendant, and upon the further ground that the evidence established plaintiff's contributory negligence as a matter of law. The trial judge, in ruling upon the motion, stated that he was satisfied that the plaintiff was guilty of contributory negligence and would so instruct the jury, but that he was of the opinion that there was sufficient evidence to go to the jury upon the question of the last clear chance, and for that reason he denied the motion. Thereupon defendant's chauffeur was called as a witness. His testimony was in the main to the same effect as that given by defendant upon his deposition, but was in some respects confused and self-contradictory, and the jurors might, by accepting portions of it and discrediting other portions thereof, as they had a right to do, have found sufficient facts to support a conclusion that the defendant was negligent. The trial court instructed the jurors that the plaintiff was guilty of contributory negligence as a matter of law, and submitted the case to them upon the single issue of the last clear chance, under appropriate instructions defining that rule; whereupon a verdict was returned in favor of plaintiff. Defendant contends upon this appeal that his motion for a nonsuit should have been granted upon both grounds stated therefor, and contends further that in any event the evidence did not justify the submission of the case to the jury upon the issue of the last clear chance, and that it is legally insufficient to support a finding in favor of plaintiff upon that issue.

[1] The last clear chance rule presupposes: that the plaintiff has been negligent; that as a result thereof she is in a situation of danger from which she cannot escape by the exercise of ordinary care; that the defendant is aware of her dangerous situation under such circumstances that he realizes, or ought to realize, her inability to escape therefrom; that he then has a clear chance to avoid injuring her by the exercise of ordinary care, and fails to do so. If all of these elements are present the rule applies and enables the plaintiff to recover, notwithstanding her own negligence. But if any of them be absent the rule does not apply and the case is governed by the ordinary rules of negligence and contributory negligence. [2] The rule does not require that the inability of the plaintiff to escape the danger shall be due to a situation which renders it physically impossible for her to do so. It applies equally when she is wholly unaware of the danger and for that reason unable to escape it. But the rule also requires that if she is aware of the danger, or becomes aware of it, she must thereafter exercise ordinary care for her own protection. [3] If, being aware of the danger and able to escape it by exercising ordinary care, she neglects to do so, she cannot invoke the last clear chance rule to place the burden of the resulting loss upon the other party. "Obviously if both parties to an accident could, by the exercise of ordinary care, have avoided it, neither can be said to have had the last clear chance. It is only when a defendant charged with the negligent infliction of the injury, knowing plaintiff's peril, could, and the injured plaintiff could not, have avoided the injury that the defendant is liable. The liability is placed upon the party inflicting the injury only if immediately before the actual infliction of the injury the injured person was in such a situation as to be unable by the exercise on his part of reasonable and ordinary care to extricate himself, and vigilance on his part would not have averted the injury." (*Young* v. *Southern Pac. Co.*, 189 Cal. 746 [210 Pac. 259].)

Measuring the facts of this accident by the foregoing rules of law, it becomes apparent that they do not meet the requirements of the last clear chance rule. According to plaintiff's version, when in a position of safety, within three steps of the east curb, she saw the automobile approaching the spot which she intended to traverse. Then

she proceeded to walk across the street in front of the approaching automobile without ever again looking at it or in the direction from which it was approaching. Can it be justly said, under these circumstances, that the defendant could, and the plaintiff could not, have avoided the injury? Undoubtedly, either one of them could have avoided it very easily. The defendant could have avoided it by bringing his automobile to a stop. Plaintiff could have avoided it by waiting until the automobile passed, or by keeping her eyes on it as she went forward and timing her steps so as not to pass in front of it so close as to be in danger. If her conduct in going forward in the manner in which she did was negligent, it was negligence which continued up to the very instant of the injury. "This exception to the general rule [the last clear chance rule], however, has no application to a situation where by their mutual carelessness an injury ensues to one of two parties, both of whom are contemporaneously and actively in fault down to the very moment of injury." (*Young* v. *Southern Pac. Co., supra.*)

If we accept defendant's version, plaintiff stood in the middle of the street with her back to the approaching automobile, knowing that it was approaching her, without taking the slightest precaution for her own safety. If this was negligence it continued up to the instant of the injury. If the approach of the automobile under these circumstances did not create a dangerous condition, there is no basis for the application of the last clear chance rule. If it did create a dangerous situation, plaintiff was aware of it from the beginning, and could easily have avoided it, either by stepping to one side of the street or by watching the automobile so as to keep out of its path. In this version of the facts it cannot be said that there was any point of time when the defendant could, and the plaintiff could not, have avoided the injury.

[4] We are of the opinion that the facts of this case, taking either version of them, do not justify the application of the last clear chance rule. Respondent does not very seriously contend that they do, but urges that the judgment should nevertheless be affirmed because, as she contends, she was not guilty of contributory negligence at all. She concedes that she cannot upon this appeal claim prejudicial error because of the ruling of the trial judge holding her guilty of

contributory negligence as a matter of law, but she insists that it was error nevertheless which operated greatly to the advantage of the appellant, and the jury having found in her favor, notwithstanding this error, the judgment should be affirmed. She earnestly contends that she was not guilty of contributory negligence, at least not as a matter of law. She relies upon the case of *Burgesser* v. *Bullock's,* 190 Cal. 673 [214 Pac. 649], in which we held that the issue of contributory negligence should have been submitted to the jury. She asserts that the facts in that case are identical with the facts herein, but there are in fact important differences. In that case a pedestrian, alighting from a street-car at night, attempted to cross the street in front of an approaching automobile. He continually watched it as he crossed, but apparently misjudged either its speed or its distance and was struck as a consequence thereof. The instant case much more nearly parallels in its essential facts the case of *Finkle* v. *Tait,* 55 Cal. App. 425 [203 Pac. 1031], in which the trial court directed a verdict for the defendant on the ground of the contributory negligence of the decedent and the judgment was affirmed. We pointed out, in the Burgesser case, the distinction between the two sets of facts in the following language: "There may be circumstances under which it can be said that the pedestrian is negligent as a matter of law. For instance, in the case of *Finkle* v. *Tait,* 55 Cal. App. 425 [203 Pac. 1031], in the case of a directed verdict, the district court of appeal affirmed the decision, but, in denying the transfer to this court (*Finkle* v. *Tait,* 55 Cal. App. 432 [203 Pac. 1034]), we sustained the conclusion of the district court of appeal solely for the reason that *the pedestrian was crossing the street without looking* and under such circumstances that he could *not* see in the direction from which traffic might be expected." (Italics added.) In that case the pedestrian was carrying a box upon his shoulder in such manner that it obstructed his vision, but manifestly one who can see and will not is at least as negligent as one who cannot.

For the purposes of this appeal it is not necessary to determine whether or not the trial judge was correct in ruling that the evidence established contributory negligence of the plaintiff as a matter of law. If he was correct, the plaintiff could recover only by virtue of the last clear chance

rule, and, as we have seen, that rule was not applicable under the evidence. If he was mistaken, the fact still remains that the issue of contributory negligence has never been determined in favor of the plaintiff, by either court or jury. That was a material issue in the case which was withdrawn from the jury by the trial judge. [5] We cannot assume that if it had been submitted to the jurors they would have resolved it in favor of the plaintiff. [6] To affirm a judgment in a case, tried by a jury as a matter of right, wherein the jurors have not found, either expressly or impliedly, upon an essential issue of fact, would be a miscarriage of justice. (*O'Meara* v. *Swortfiguer, ante,* p. 12 [214 Pac. 975].)

The appellant complains of the giving of one instruction which is justly subject to the criticism that it was likely to be misleading. It should not have been given without further qualifications or explanation, but it is not probable that the jurors were misled thereby under the evidence herein. In view of the fact that other evidence may be produced upon another trial it is not necessary to give further consideration to appellant's contention that the evidence herein was insufficient to sustain the implied finding of defendant's negligence.

The judgment is reversed.

Lawlor, J., Wilbur, C. J., Seawell, J., Kerrigan, J., Waste, J., and Lennon, J., concurred.