[Sac. No. 3810. In Bank.—March 29, 1928.]

FRANK E. WINN, Respondent, v. J. KARL LONG, Appellant.

Hardin Barry and James A. Nutting for Appellant.

R. M. Hardy for Respondent.

SHENK, J.—From a judgment on a verdict in favor of the plaintiff, the defendant prosecutes this appeal. The action is one for damages for personal injuries received by the plaintiff in an automobile accident. Briefly the facts are as follows: On the evening of March 9, 1924, the plaintiff was operating an automobile on the public highway between Johnstonville and Susanville, in Lassen County. As he approached Susanville, but while he was still in open country territory, his supply of gasoline became exhausted. The car thereafter rolled by its own momentum for a distance equal to about two or three lengths of the car and was brought to a stop in a position such that the two left wheels were resting on and the two right wheels were off the main traveled and improved portion of the highway.

About one-half of the car was on that portion of the highway used by cars traveling toward Susanville. The highway is slightly curved at the point of the accident, but not sufficiently so to prevent a clear and unobstructed view of the highway in either direction for at least a quarter of a mile. A stream of water approaches within a few feet of the highway on the side on which the plaintiff was traveling, and his car stopped as far off the main traveled and improved portion of the highway and as close to the bank of the stream as reasonable safety would permit. The plaintiff left his car at this point and went back about two hundred yards to a farmhouse and obtained two gallons of gasoline. He returned to his car and the gasoline was placed in the tank. He then lifted the hood on the left side of the car and with his back toward the center of the highway was manipulating the carburetor. At this point of time the defendant was driving his car on the right side of the highway, also going toward Susanville, and at a speed of about twenty-five to thirty miles per hour. He first saw the plaintiff's car when he was from thirty to fifty feet in the rear thereof. He applied his brakes and swerved to the left, but not sufficiently to clear the plaintiff's car. His car collided with the left rear wheel and fender of the plaintiff's car in such manner as to force the plaintiff's car upon the plaintiff and seriously injure him.

It is contended by the defendant that the evidence was insufficient to prove negligence on his part, but, on the contrary, established without conflict that the plaintiff is guilty of negligence.

It is deemed unnecessary further to review the evidence in detail. It is enough to say that sufficient appears in the record to justify the application of the doctrine of last clear chance. The sun set on the evening in question at 5:53 o'clock. The accident occurred a few minutes more than thirty minutes after that time. Sections 99 and 106 of the California Vehicle Act [Stats. 1923, pp. 546, 551] then provided and now provide, among other things, that every vehicle when upon a public highway within this state during the period from a half hour after sunset to a half hour before sunrise shall carry at the rear a lighted lamp exhibiting a red light plainly visible under normal atmospheric conditions for a distance of five hundred feet

toward the rear. There was positive evidence that the tail-light on the plaintiff's car was "off," and there was no evidence upon which the jury could rightly find that said tail light was "on" at the time of the accident. Although the accident occurred only a few minutes subsequent to the expiration of the half hour after sunset, yet the failure of the plaintiff to have the tail-light turned on at the time of the accident constituted negligence which could be considered as proximately contributing to the accident. However, the plaintiff, stooping with his head down near the carburetor and his back toward the center of the highway, was apparently oblivious to the danger to which he was then subjected by the defendant's approaching car. There was room to the left of the plaintiff's standing automobile for two cars to pass, but no cars were then passing on the main traveled and improved portion of the highway. The jury impliedly found that as the defendant approached the standing car he first observed it at a point far enough to have avoided the accident by the exercise of ordinary care. This question under the facts here presented was one so peculiarly for the jury to determine that it cannot be said that there was no reasonable basis for the finding. It is not claimed by the defendant that the jury was not properly instructed on the doctrine of last clear chance. The charge to the jury is not in the record, and in the absence of a showing of prejudicial error in that regard it must be assumed that the jury was correctly so instructed.

We find no error in the record. The judgment is therefore affirmed.

Richards, J., Seawell, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.