[Civ. No. 4080. Third Appellate District.—November 8, 1930.]

NAOMA PEARL SADLER, as Administratrix, etc., Appellant, v. J. M. BENSON, Respondent.

William G. Snyder, Gumpert & Mazzera and C. H. Hogan for Appellant.

Levinsky & Jones for Respondent.

MR. JUSTICE Pro Tem. TUTTLE Delivered the Opinion of the Court.—This is an action brought to recover damages on account of fatal injuries received by Sarrah E. Carlile in an automobile collision. It is filed by the administratrix of her estate.

The complaint contains three causes of action, the first being on account of the death of Mrs. Carlile; the second on account of injuries received by Earl Sadler, a minor, and the third on account of injuries received by Robert Sadler, a minor. A jury brought in a verdict for plaintiffs on the second and third causes of action and for defendant upon the first. This appeal is taken by the administratrix of Sarrah E. Carlile from the judgment rendered upon the first cause of action.

The sole question presented for consideration is whether or not the trial court erred in refusing to give the jury the following instruction upon the doctrine of "last clear chance": "You are instructed that the party who has the last clear chance to avoid the accident, notwithstanding the previous negligence of his opponent, is considered solely responsible. If you believe from the evidence in this case that the deceased, Sarrah E. Carlile, was negligent in the operation of her automobile as she approached and entered the intersection of highways where the accident in question occurred, and, by reason of such negligence on her part, placed herself in a position of peril; and you further believe from the evidence in the case that the defendant, J. M. Benson, saw and realized the dangerous situation in which said deceased, Sarrah E. Carlile, had placed herself, in time,

by the exercise of ordinary care, to avoid the accident and resulting death of said Sarrah E. Carlile, but failed, after seeing and observing the perilous situation of the deceased, to do all that he could or should have done in the exercise of ordinary care to avoid the accident, then I instruct you that the defendant, J. M. Benson, is solely responsible for the accident and resulting death of said Sarrah E. Carlile, deceased.''

In *Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36], it was said: ''The last clear chance rule presupposes: that the plaintiff has been negligent; that as a result thereof she is in a situation of danger from which she cannot escape by the exercise of ordinary care; that the defendant is aware of her dangerous situation under such circumstances that he realizes or ought to realize her inability to escape therefrom; that he then has a clear chance to avoid injuring her by the exercise of ordinary care, and fails to do so. If all of these elements are present the rule applies and enables the plaintiff to recover, notwithstanding her own negligence. But if any of them be absent the rule does not apply and the case is governed by the ordinary rules of negligence and contributory negligence.''

It will be noted that the instruction in question omits entirely one of the essential elements which is necessary before the rule can apply. The jury was not instructed that the situation of danger or peril must have been one from which decedent could not have escaped by the exercise of ordinary care. It is not enough that the party be placed in a position of peril. The driver (who was decedent) must have been caught or entrapped, so that no reasonable effort on her part could have saved her. The ''last clear chance'' doctrine has been referred to as a humanitarian rule, in that it permits a recovery notwithstanding the negligence of the party injured, but it nevertheless requires that such party use ordinary care to extricate himself from the position of danger or peril, after he has become aware of it.

Assuming that the evidence justified the giving of the instruction, an examination of the record discloses that an instruction upon this essential element of the doctrine was absolutely necessary before a just conclusion in the case could be reached. Decedent was driving a Ford car, conveying as passengers, the two other plaintiffs, who were both

under the age of nine years. The collision occurred at the intersection of an 80-foot highway with a cross country road. There was evidence that decedent was traveling along the road about 14 miles per hour when she reached the intersection, while defendant was moving at about 28 miles per hour on the highway. Some 50 feet from the highway one of the passengers saw defendant's car approaching.

It can be readily seen that, if an instruction of this character were justified at all, this particular element is rendered, under the evidence, absolutely vital. It was for the jury to determine whether or not decedent could have escaped from the position of peril, and they should have been so instructed.

Again in the case of *Palmer* v. *Tschudy, supra,* the court said: "If, being aware of the danger and able to escape it by exercising ordinary care, she neglects to do so, she cannot invoke the last clear chance rule to place the burden of the resulting loss upon the other party."

The following language was used in the case of *Young* v. *Southern Pac. Co.,* 189 Cal. 746 [210 Pac. 259, 262]: "Obviously if both parties to an accident could, by the exercise of ordinary care, have avoided it, neither can be said to have had the last clear chance. It is only when a defendant charged with the negligent infliction of the injury, knowing plaintiff's peril, could, and the injured plaintiff could not, have avoided the injury that the defendant is liable. The liability is placed upon the party inflicting the injury only if immediately before the actual infliction of the injury the injured person was in such a situation as to be unable by the exercise on his part of reasonable and ordinary care to extricate himself, and vigilance on his part would not have averted the injury."

■ It is contended by appellant, in attempting to support and justify the instruction offered, that the word "peril", as used in view of the context, implies a position of danger from which one cannot reasonably extricate himself, and that such implication should be read into it. We think this position is untenable. "Peril" means simply exposure to injury, loss or destruction. (48 C. J. 812.) Surely not *all* perils can be held to be inescapable in their nature. We think that our juries have enough to do without casting upon them the additional burden of receiving their instruc-

tions through a process of "implication by context". We know of no place where the virtue of simplicity is more in demand and less in practice than in the matter of instructing a jury.

We do not deem it necessary to pass upon the question raised by appellant that the evidence justified the giving of an instruction upon this doctrine. It would appear, however, from an examination of the record, that defendant used every reasonable means to avoid the injury.

Our conclusion is that the trial court was justified in refusing the proffered instruction.

The judgment is affirmed.