[Civ. No. 8870. First Appellate District, Division Two.—January 11, 1934.]

ALINDA PONCINO, as Administratrix, etc., Appellant, v. REID-MURDOCK & CO. (a Corporation) et al., Respondents.

Edwin H. Williams for Appellant.

George L. Stewart and Jesse H. Miller for Respondents.

SPENCE, J.—Plaintiff, as administratrix of the estate of the deceased, brought this action to recover damages for the death of the deceased. The cause was tried by the court sitting with a jury and from a judgment on the verdict in favor of defendants, plaintiff appeals.

The accident in which deceased met his death occurred on April 16, 1928, at the intersection of Third Street and Evans Avenue in San Francisco. At this point Third Street is 70 feet wide between curbs and Evans Avenue is 50 feet wide between curbs. Third Street runs in a general northerly and southerly direction while Evans Avenue runs

in a general easterly and westerly direction. These thoroughfares intersect almost at right angles. The double tracks of the car line running along Third Street are located in the middle of the street, one set of tracks being located on either side of and in close proximity to the center line thereof.

Prior to the time of the accident deceased was driving a Ford automobile in a southerly direction along Third Street traveling in or near the south-bound tracks. At that time defendant Walker was driving a Buick automobile in the opposite direction along Third Street traveling near the curb line on the east side thereof. Both cars entered the Evans Avenue intersection at approximately the same time and the accident happened when the deceased turned sharply to the left without giving any warning, increased his speed and ran directly into the path of the oncoming Buick while "cutting the corner" to proceed in an easterly direction on Evans Avenue.

The cause was tried upon the issues made by the pleadings relating to negligence on the part of the defendant Walker and contributory negligence on the part of the deceased. The jury was given the customary instructions upon said issues. The trial court refused, however, to give plaintiff's proposed instruction on the last clear chance doctrine and said refusal constitutes the main assignment of error on this appeal.

It is clear from the undisputed facts above set forth that the deceased was guilty of negligence as a matter of law. We believe this is apparent without reference to any of the provisions of the California Vehicle Act, but attention may be called to the fact that in making said turn, deceased violated many of the provisions of said act then in effect. (California Vehicle Act, secs. 122, 129, 130.) Such negligence on the part of the deceased is conceded and we will not pause to discuss the subject further. The main question before us is whether there was any evidence upon which the jury could have found that defendant Walker had a last clear chance to avoid the collision by the use of ordinary care.

In support of her position appellant cites and relies upon *Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 Pac. (2d) 915], and *Center* v. *Yellow Cab Co.*, 216 Cal. 205 [13 Pac. (2d)

918]. Appellant concludes from these authorities that "The doctrine of 'continuous and concurrent' negligence has been exploded and rendered obsolete by the last decisions of the Supreme Court on this subject." We believe, however, that a careful analysis of said decisions demonstrates that they did not repudiate that doctrine, but expressly reaffirmed it. We need quote but a few excerpts from the decisions mentioned to show that the Supreme Court did not take the position claimed.

In *Girdner* v. *Union Oil Co., supra,* at page 201, the court said: "This doctrine (referred to in the opinion as the continual negligence doctrine) is, like the doctrine of the last clear chance, based upon the particular facts of the case and is but a determination that the facts involved do not bring into operation the latter doctrine, but involve merely the ordinary and proximately contributory negligence which will bar recovery in any case. In other words, the doctrine as pronounced in the cases cited and relied upon generally, hold that the doctrine of last clear chance may not be invoked by a plaintiff to avoid his contributory negligence when the same has proximately contributed to his injury." On page 202, the court said: "If any one of the elements of the last clear chance doctrine is absent, then plaintiff's negligence remains the proximate cause and bars recovery." Again, on page 204, we find the following: "If it (the doctrine of last clear chance) does not apply, his negligence remains proximate in its causation and will bar his recovery." In *Center* v. *Yellow Cab Co., supra,* the Supreme Court said, at page 207: "If, on the other hand, any of the elements of the doctrine are lacking, courts have declared, and rightfully so, that plaintiff's negligence being continuous and contributory with that of defendant bars a recovery."

What, then, are the elements which must be shown in order that the doctrine of the last clear chance may be relied upon? These elements have been frequently set forth in the decisions and are well settled. (*Palmer* v. *Tschudy,* 191 Cal. 696 [218 Pac. 36]; *Darling* v. *Pacific Electric Ry. Co.,* 197 Cal. 702 [242 Pac. 703]; *Chappell* v. *San Diego etc. Ry. Co.,* 201 Cal. 560 [258 Pac. 73].) In *Palmer* v. *Tschudy, supra,* the court said, at page 700: "The last clear chance rule presupposes: that the plaintiff has been negligent; that

as a result thereof she is in a situation of danger from which she cannot escape by the exercise of ordinary care; that the defendant is aware of her dangerous situation under such circumstances that he realizes, or ought to realize, her inability to escape therefrom; that he *then* has a *clear chance* to avoid injuring her by the exercise of *ordinary* care, and fails to do so. If all of these elements are present the rule applies and enables the plaintiff to recover, notwithstanding her own negligence. But if any of them be absent the rule does not apply and the case is governed by the ordinary rules of negligence and contributory negligence.'' (Italics ours.)

Before giving further consideration to the facts in the present case we may state that we believe that the very name of the doctrine under discussion is helpful in determining whether it may be applied to any given set of facts. It is designated as the *last clear chance* doctrine. In other words, it is not enough to relieve a plaintiff of his own negligence that the defendant may have had *a chance* to avoid the accident, but defendant must have had the *last chance* and also had a *clear chance* to do so by the exercise of *ordinary* care. That he should have had the *last chance* implies that his chance to avoid the accident must have come later in point of time than any similar chance on the part of the injured person. That he should have had a *clear chance* implies that he must have had more than a *bare possible chance* to avoid an unexpected peril created practically simultaneously with the happening of the accident by the negligence of the injured party. The doctrine had its origin in the humanitarian concept that a person should not be exonerated from liability when he has such *last clear chance* to avoid an injury, regardless of any negligence on the part of the injured person which may have brought the latter into a situation of danger from which he could not escape by the exercise of ordinary care. In many of the decisions the doctrine is based upon the theory that the acts of the defendant after observing the injured party's peril are wilful or wanton. (See 19 Cal. Jur. 653, and cases cited.) A passing reference to this theory is found in the recent case of *Girdner* v. *Union Oil Co., supra,* on page 203 of the opinion, where the court states that the law requires a person to respond in damages ''for his wilful

act''. We believe, however, that the true basis of the doctrine is that of proximate cause as indicated in many of the decisions for whenever a defendant has a *last clear chance* to avoid an injury by the exercise of ordinary care, his negligence in failing to avail himself of that *last clear chance* becomes, in the eyes of the law, the proximate cause of the injury and the negligence of the injured party becomes remote so as to constitute merely a condition in the chain of causation. (*Girdner* v. *Union Oil Co., supra; Center* v. *Yellow Cab Co., supra;* 19 Cal. Jur. 653, and cases cited.) ▆ As stated in the authorities cited, the last clear chance doctrine is essentially an exception to the general rule and unless all of its elements are present, the negligence of the injured person remains a proximate cause of the injury barring recovery. (See, also, *Young* v. *Southern Pacific Co.,* 189 Cal. 746 [210 Pac. 259].) Furthermore, where there is no evidence from which it might be found that all of said elements are present, it is reversible error to instruct the jury with respect to said doctrine. (*Wallis* v. *Southern Pacific Co.,* 184 Cal. 662 [195 Pac. 408, 15 A. L. R. 117].)

We shall now proceed to a further consideration of the evidence in the present case. The testimony relating to the speed of the two cars was conflicting. That offered by appellant tended to show that the deceased was driving about 15 miles per hour as he entered the intersection and that respondent Walker was traveling about 35 miles per hour. On the other hand, the testimony offered by respondents tended to show that deceased was traveling between 20 and 25 miles per hour and respondent Walker was traveling about 20 miles per hour. The diagram used by the witnesses in illustrating their testimony has been brought up as part of the record on this appeal. It shows that there was practically no conflict in the testimony relating to the course traveled by the Ford car or that relating to the point of collision. The diagram is drawn to scale and shows that the distance traveled by the Ford from the point where it turned sharply to the left to the point of collision was not more than 50 feet. A simple mathematical computation demonstrates that even if we take the testimony most favorable to appellant, the elapsed time between deceased's sud-

den turn to the left and the collision was approximately two seconds.

In an endeavor to show that respondent Walker had a last clear chance to avoid the collision after the deceased had started to turn, appellant produced an expert on the subject of the distances required to stop a car by the application of brakes when traveling at various speeds. This expert testified that the Buick car could be stopped in 16 feet when traveling at 20 miles per hour and that it could be stopped in 45 to 50 feet when traveling at 35 miles per hour. On cross-examination he testified, ''The stopping distances I have given are after the actual application of the brakes. If a driver suddenly saw an obstacle in front of him it would take him a certain length of time to take his foot off the throttle and apply the brakes. That time would vary according to the driver. It might be a split second and it might be a second or more. It probably would take a second to do that.'' It was stipulated that a car going 20 miles per hour travels 29 feet per second and that a car going 35 miles per hour travels 51 feet per second. One of appellant's witnesses testified ''the street was a little wet at the time of the accident''. Respondent Walker applied his brakes before the collision occurred; leaving skid marks on the street, but the application of the brakes did not prevent the collision. The front end of the Buick struck the side of the Ford.

Under the evidence presented we are of the opinion that the trial court correctly refused appellant's proposed instruction on the last clear chance doctrine. It makes no difference for the purpose of this discussion whether the respondent Walker was driving 20 miles per hour or 35 miles per hour or whether he was at the property line or curb line of Evans Avenue at the time the deceased made his sudden turn. He had but two seconds time within which to observe, think and obtain effective action in his endeavor to escape the sudden peril created by the negligence of the deceased. Half of this brief space of time would have been consumed before the brakes could actually be applied and there was no testimony to show the distance required to stop the car after the actual application of the brakes upon a street which was ''a little wet''. But assuming that an expert, or even a nonexpert, could have stopped a Buick car

under the existing conditions within the distances specified after the brakes were actually applied we believe that the evidence was entirely insufficient to warrant the giving of the proposed instruction. If, as claimed by appellant, respondent Walker could have stopped or turned to avoid said collision, the deceased could likewise have stopped or turned for that purpose. In fact, the deceased, who was driving at a lower speed according to the testimony offered by appellant, had a better chance to avoid the collision by so doing than did respondent Walker, but the deceased merely speeded up his car in an endeavor to beat the Buick out of the intersection. Under any view of the evidence it certainly cannot be said that the chance, if any, which respondent Walker had to avoid the injury came later in point of time than any similar chance on the part of the deceased. In other words, respondent Walker did not have the *last chance.* Furthermore, it does not appear that respondent Walker had a *clear chance.* The negligence of the deceased which created the peril occurred almost simultaneously with the happening of the accident and the deceased was actively at fault throughout the brief interval remaining. We have already indicated that the entire time for observation, thought and action on the part of the respondent Walker after the peril was created by the negligence of deceased was but two seconds and the chance, if any, had by respondent Walker could not be said to be anything more than a *bare possible chance* falling far short of a *clear chance* to avoid the collision. All of the evidence showed that the present case fell within the general rule rather than the exception and we believe that the trial court would have been justified in directing a verdict in favor of respondents in view of the admitted negligence on the part of the deceased. Dealing with the general rule and the exception found in the last clear chance doctrine the Supreme Court said in *Young* v. *Southern Pac. Co.,* 189 Cal. 746, at page 755 [210 Pac. 259], "This exception to the general rule, however, has no application to a situation whereby through mutual carelessness an injury ensues to one of two parties both of whom are contemporaneously and actively in fault down to the very moment of injury."

The cases of *Girdner* v. *Union Oil Co., supra,* and *Center* v. *Yellow Cab Co., supra,* are clearly distinguishable on their

facts. In each of those cases the injured person was wholly unaware of his peril while the defendant was not only aware of the peril, but knew that the injured person was unaware thereof. Therefore, the chance which the defendant had to avoid the injury was the *last chance* to the exclusion of any similar chance then had by the injured person. Whether the defendant had a *clear chance* in either of said cases to avoid the injury after knowing of the injured person's peril was held to be a question of fact under the particular circumstances involved. On the question of *clear chance* we believe that these authorities are border-line cases and should not be extended beyond the point required by the testimony before the court in those cases. We have already stated that the testimony in the present case showed that a moving vehicle travels an appreciable distance before the brakes can be applied after the danger is apprehended. No such testimony appears in the cases above mentioned. Accepting the testimony of appellant's own witness for the purpose of this discussion, it shows the probability that one second is required for the application of brakes after the danger is apprehended. If this be true (and certainly a driver cannot be said to have a *clear chance* to observe, think and act in any shorter space of time), then a car traveling at any of the speeds found in the testimony in the present case would travel a greater distance in the brief interval from the time the danger is apprehended until the time the brakes are applied than it would travel in the brief interval from the time the brakes are applied until the time the car is stopped. It is therefore apparent that the testimony here negatived the existence of any *clear chance* on the part of respondent Walker to avoid the collision by the use of ordinary care after the peril was created.

Appellant also cites *Berguin* v. *Pacific Electric Ry. Co.*, 203 Cal. 116 [263 Pac. 220], *Winn* v. *Long*, 203 Cal. 758 [265 Pac. 805]', *Chappell* v. *San Diego etc. Ry. Co.*, 201 Cal. 560 [258 Pac. 73], *Darling* v. *Pacific Electric Ry. Co.*, 197 Cal. 702 [242 Pac. 703], and *Pair* v. *Hammond Lumber Co.*, 111 Cal. App. 426 [295 Pac. 381]. These authorities are all distinguishable. In each of said cases there was ample testimony to show that the defendant had the *last chance* to avoid the injury to the exclusion of any similar chance on the part of the injured person. Appellant also

cites *Galwey* v. *Pacific Auto Stages, Inc.*, 96 Cal. App. 169 [273 Pac. 866], but the court points out on page 177 that there was evidence from which it could be inferred that the driver saw the peril of the child when 150 feet distant from the point of the accident. In *Howard* v. *Worthington*, 50 Cal. App. 556 [195 Pac. 709], which is also cited by appellant, the facts are not set forth in detail in the opinion, but on pages 558 and 559 the court states that there was evidence to show "that the defendant could have stopped his machine in time to avoid the accident, but *voluntarily* did not do so". (Italics ours.) We do not believe that any of said cases are similar on their facts to the case before us. Here the cars were approaching each other in broad daylight without any indication whatever of danger until the deceased suddenly turned his car to the left and into the path of the car driven by the respondent Walker. Like many other cases involving collisions between moving vehicles, the accident may be said to have happened within the twinkling of an eye after the first indication of danger.

While the doctrine of last clear chance has been applied in certain exceptional cases involving collisions between moving vehicles, we are of the opinion that it should not be applied to the ordinary case in which the act creating the peril occurs practically simultaneously with the happening of the accident and in which neither party can fairly be said to have had a *last clear chance* thereafter to avoid the consequences. To apply the doctrine to such cases would be equivalent to denying the existence of the general rule which makes contributory negligence a bar to recovery.

Appellant further contends that the trial court erred in refusing an instruction to the effect that the deceased "had the right to anticipate that Walker would reduce the speed of his car to a lawful and prudent rate when he entered the intersection". We are of the opinion that said instruction was properly refused in view of the admitted negligence on the part of the deceased. (*Roller* v. *Daleys Incorporated*, 219 Cal. 542 [28 Pac. (2d) 345]; *White* v. *Davis*, 103 Cal. App. 531 [284 Pac. 1086]; *McPherson* v. *Walling*, 58 Cal. App. 563 [209 Pac. 209].)

The only remaining contention is that "the uncontradicted evidence showed as a matter of law that Walker was acting within the scope of his employment at the time of

the accident''. We need not discuss this contention, for it is conceded that the point raised could only become material in the event of a reversal on the grounds hereinbefore discussed.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.