[Civ. No. 9299.   First Appellate District, Division Two.—May 8, 1934.]

JOE AUGENTHALER, Appellant, v. RUTH PINKERT et al., Respondents.

Ernest M. Torchia and David L. Sefman for Appellant.

Paul Nourse and Forrest A. Betts for Respondents.

STURTEVANT, J. — In an action brought to recover damages for personal injuries the jury returned a verdict for the defendant. The plaintiff made a motion for a new trial, which was denied, and from the judgment entered on the verdict the plaintiff has appealed under the alternative method.

The plaintiff contends that the judgment is contrary to the law and the evidence. The contention cannot be sustained. The record contains evidence that is so conflicting that a verdict in favor of either party would have been sustained by an abundance of evidence. The accident happened at the intersection of Venice Boulevard and Hill Street in Los Angeles. The boulevard runs east and west. Hill Street runs north and south. A double-track street railway extends south in Hill Street and both tracks curve to the west into the boulevard. A gas station occupies the northwest corner and buildings occupy each of the other corners. Automatic electric signals are located one on each corner pursuant to certain local ordinances and by the terms of such ordinances it is unlawful for pedestrians or vehicles to cross a street when the lights show red as to such crossing. It is also unlawful to cross either street except at the crossing marked as such. About 7 o'clock on the evening of May 24, 1930, the defendant, together with three guests, drove north on Hill Street, intending to cross the boulevard. The streets were lighted by street lights and also from the shop windows. The signals were operating. A street-car was approaching on the west track coming from the north. Later it came to a stop slightly north of the boulevard. At or about the time the defendant reached the intersection the plaintiff was on the northeast corner of the sidewalk. Conflicts arose as to nearly every other fact. It was the theory of the plaintiff that when the signal opened for east and west traffic he lawfully started to cross Hill Street and that the defendant unlawfully started to cross the boulevard and in doing so she overtook and knocked him down. It was the theory of the defendant that she lawfully entered the boulevard and when she was three-fourths across the

signal changed and before the signal opened for east and west traffic the plaintiff left the sidewalk, stepped into the street, walked a few steps, and then commenced to run diagonally northwest in front of her car, stumbled and fell, and that her car never touched him nor did he touch her car. As stated above, there was evidence introduced which would clearly sustain either theory. If the jury believed the evidence tendered by the defendant, and from its verdict we must assume it did, the judgment was neither contrary to the law nor to the evidence.

At the time of the trial Miss Hertha Shenk was residing at 131 Clyde Avenue, Evanston, Illinois. She was one of the passengers riding with the defendant at the time of the alleged accident. The defendant produced her deposition and offered it in evidence. The plaintiff objected to it on the ground that it was taken in Illinois on oral interrogatories, whereas it should have been taken on written interrogatories. (Code Civ. Proc., secs. 2024 and 2025.) The point may not be sustained. The record shows that the deposition was read and the contents thereof. It does not show the moving papers, the commission, nor any other facts. When the objection was interposed during the trial the trial judge asked to see the document. It was delivered into his hands we may assume, together with the moving papers and the commission. Thereupon the objection was overruled. In support of the judgment we must presume the ruling was correct. Under the provisions of section 2025 of the Code of Civil Procedure the plaintiff had the right to waive written interrogatories and, nothing to the contrary appearing in the record, we must assume he did so.

To the deposition was attached a sketch or diagram of the place where the alleged accident happened. When the deposition was being read the plaintiff objected to the diagram on the ground it was hearsay. The record does not show it to be hearsay. When it was shown to Miss Shenk she was asked if it was correct and she said it was. Later she was asked some questions about some objects delineated on the face of the diagram. We see no error in the ruling admitting the diagram as part of the deposition.

In presenting her case the defendant called as a witness Raymond Travelle, who was a passenger riding on the street-car. He was examined and cross-examined and

excused. As a part of his rebuttal the plaintiff called the same witness and asked him if he saw the defendant's car strike the plaintiff. An objection was made and sustained on the ground the subject matter was a part of the plaintiff's case in chief and not in rebuttal. Thereupon the plaintiff asked permission and he was given permission to reopen his case in chief. He then propounded the same question, to which the defendant objected on the ground it was leading. The objection was sustained. The rulings were clearly correct.

The plaintiff objects to instructions number 4 and number 6, which define contributory negligence, saying they omitted to state that the burden of proof on that issue rested on the defendant. They did not purport to deal with the burden of proof. That subject was properly covered by instruction number 12.

The plaintiff objects to instruction number 9 because, as he asserts, contributory negligence is no defense unless it was a proximate cause of the injury. A most cursory reading of the instruction shows it was not subject to that criticism.

The next instruction objected to is number 10. He cites *Sullivan* v. *Market Street Ry. Co.*, 136 Cal. 479 [69 Pac. 143]. That was a passenger case and it is not in point in the instant case.

He next quotes instruction number 11 and then asserts that it failed to tell the jury that it should return a verdict in favor of the guilty party. This criticism is manifestly inadvertent. It will suffice to state that the instruction has been approved. (*Sheldon* v. *James,* 175 Cal. 474, 480 [166 Pac. 8, 2 A. L. R. 1493].)

Instruction number 18 is objected to on the same grounds as number 11. The attack has no merit.

Instruction number 34 was as follows: "You are instructed that if the automobile of the defendant had passed the stop signal before the first bell closing the north and south traffic rang, then it was her right to proceed on across the intersection, and under such circumstances she was not negligent in thus proceeding across the intersection." The plaintiff asserts that under the circumstances stated the defendant was not entitled to run the plaintiff down. The instruction attacked said nothing to the contrary. If the

plaintiff wanted an instruction covering that particular factor he should have made a request therefor.

Instructions number 37 and number 40 are set forth and the statement is made that they instruct on questions of fact. As to what fact or facts is not stated. We see none.

The plaintiff then complains because the trial court refused to give some proposed instructions which he numbers 1 to 6. The first one was not pertinent to any set of facts in the record. The second attempted to state the doctrine of the last clear chance. However, it wholly failed to do so. (Cal. Jur., Supp. 1928, p. 233.) Numbers 3, 4 and 5 were fully covered by the exhaustive charge and instructions given by the trial court.  The plaintiff requested and the trial court refused to give an instruction worded as follows: "The court instructs you that if you find from the evidence that the defendant Ruth Pinkert, from her position, had a clear view ahead of her and saw the plaintiff, it was her duty to stop her automobile to avoid striking him." The refusal was not error. The instruction was an attempt to apply to the case the doctrine of the last clear chance. But it failed to state all of the elements. Nor does it appear from the briefs that the evidence would have warranted the giving of an instruction on the last clear chance. It is clear that when the defendant entered the intersection the plaintiff was standing on the sidewalk in a place of safety. As the defendant proceeded across, the plaintiff stepped into the street. At first he started to walk. Then he commenced to run diagonally away from, and in front of, the defendant. At the instant, if at all, that he was in danger, the record does not disclose that the defendant had a clear chance to avoid the accident. (*Poncino* v. *Reid-Murdock & Co.*, 136 Cal. App. 223 [28 Pac. (2d) 932].)

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.