[Civ. No. 9788.   Second Appellate District, Division Two.—April 10, 1935.]

WILLIAM HOLOPOFF, Appellant, v. H. P. MALLETTA et al., Respondents.

Frankley & Spray, L. W. Frankley, Joseph A. Spray and W. H. Abrams for Appellant.

Binford & Binford, Howard M. Binford, L. B. Binford and George L. Greer for Respondents.

SCOTT, J., *pro tem.*—Plaintiff appeals from an adverse judgment rendered by a jury pursuant to direction of the trial court.

He was operating a motorcycle with a sidecar on a rainy day, going west on East Ninth Street in the city of Los Angeles. That street consists of an asphalt center strip 45 feet wide, with a concrete strip at each side 20 feet wide. Viewing the testimony in the light that appears most favorable to appellant, we find the motorcycle came up behind a sedan going in the same direction, attempted to pass it to the left and collided with the sedan and with a truck going in the opposite direction on the same street. The sedan was operated by the Mallettas and the truck by the other defendants. Plaintiff testified that he had been following the sedan and was going 20–25 miles per hour. He increased his speed to 25–30 miles per hour, sounded his horn and attempted to overtake and pass it on the left. The side of the sedan was four feet from the center line and it swerved slightly further toward the left but did not increase its speed. The truck was 200 feet away when plaintiff started to pass the sedan and it was coming at 35 miles per hour. Evergreen Street intersected Ninth Street at a point midway between the location of the sedan and the truck when plaintiff started to pass. The left edge of the truck was two feet from the center line when plaintiff first saw it as he started around the sedan, and continued in the same relative position with reference to the center of the street

as it approached. Plaintiff declared he was squeezed between the two vehicles.

It is evident from the testimony as advanced by appellant as supporting his claim, that the trial court did not err in directing the jury to return a verdict for defendants. Even though either or both sets of defendants might have been negligent, yet appellant was guilty of contributory negligence as a matter of law. He entered a lane six feet wide between the courses being traveled by the two vehicles operated by defendants as they came together, and did this even though he observed that the lane was growing narrower because the sedan had swerved to the left. At the rate of speed then traveled by the truck and sedan they would come together in 2 to 2½ seconds. An intersecting street was but 100 feet away. The street was wet. The conclusion that such conduct on the part of appellant was negligence proximately contributing to the accident is inescapable.

As to the defendants who were respectively driver and owner of the truck, appellant suggests that the doctrine of the last clear chance should apply. That rule does not apply to place the burden of loss upon the other party where the plaintiff, being aware of the danger and able to escape from it by exercising ordinary care, neglects to do so, and it has no application to a situation where by their mutual carelessness an injury ensues to one of two parties both of whom are contemporaneously and actively in fault down to the very moment of injury. (*Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36].) Under the facts, either construed as appellant would have us or otherwise, we conclude that the doctrine would not apply.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 6, 1935.