[Civ. No. 11040. Second Appellate District, Division One.—November 9, 1936.]

PARK E. BOGARDUS, Appellant, v. W. R. SNYDER et al., Respondents.

W. Cloyd Snyder for Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Respondents.

BISHOP, J., *pro tem.*—Plaintiff seeks to recover damages resulting from a collision between his automobile and that of defendants, on the theory that the defendant Mrs. Snyder failed to avail herself of the last clear chance to avoid the accident. We approve of the action of the trial judge in directing the jury to bring in a verdict for the defendants.

Taking the evidence most favorable to plaintiff, we are told that both he and the defendant Mrs. Snyder entered an intersection at a rate of speed greater than that pre-

scribed by the statute, their cars coming together about the middle of the intersection. Plaintiff did not look at all toward the right, the direction from which the defendant was coming; his eyes were fixed ahead and he did not see defendants' car until just before it ran into his car. The speed of plaintiff's car, as he entered the intersection, was "about 20 to 25 miles" per hour; the speed estimated for defendants' car was between 30 and 35 or 40 miles per hour. When she was about 50 feet back of the paved portion of the street upon which plaintiff was driving, defendant became conscious of his approach, thanks to the alarm of her small son, and not her own vigilance. Her reaction was to step on the gas and drive straight ahead. She was so busy with herself, she testified, that she did not notice the plaintiff; she did not know where he was looking nor whether he swerved his car one way or the other.

From this evidence, reasonable minds could reach but one conclusion: Plaintiff was driving negligently, and his negligence was a contributing cause of the accident, warranting the trial court in instructing the jury to bring in a verdict for the defendants unless the facts give possible foundation for the application of the doctrine of the last clear chance.

■ While it might seem that, factually, plaintiff's negligence would be one of the factors contributing to the accident, whether or not the situation was one where the last clear chance rule should be applied, legally, we are told, it ceases to be a proximate cause in those cases where the rule is applied. (*Girdner* v. *Union Oil Co.*, (1932) 216 Cal. 197 [13 Pac. (2d) 915]; *Center* v. *Yellow Cab Co.*, (1932) 216 Cal. 205 [13 Pac. (2d) 918].) However, if one of the elements essential to invoking the last clear chance rule is lacking, the rule does not apply, but plaintiff's negligence remains a proximate cause not alone of the accident, but therefore of his failure to recover judgment. (*Palmer* v. *Tschudy*, (1923) 191 Cal. 696, 700 [218 Pac. 36]; *Girdner* v. *Union Oil Co.*, *supra*, at p. 202.)

■ At least one of the essential elements of the doctrine is lacking in this case. If we take the horn of the dilemma that plaintiff was in a position of danger from which he could not escape by the exercise of ordinary care, because it was physically impossible, then it is plain that the defendant herself did not have a chance to avoid the

accident by exercising ordinary care, for, under the facts we have, she had a poorer chance of avoiding the accident than he had, as he was driving more slowly. (Note *New York etc. Co.* v. *United Railroads,* (1923) 191 Cal. 96, at 102 [215 Pac. 72].) But if we take the stand that plaintiff was in a position of danger from which he could not extricate himself, because he was unaware of his danger, and hence could not bring ordinary care into play, then it appears that defendant did not know that he was so situated, because she did not know that plaintiff was unaware of his danger, nor, if this be important, could she have discovered that fact by the exercise of ordinary care. In both *Girdner* v. *Union Oil Co., supra,* and *Center* v. *Yellow Cab Co., supra,* the court notes that the defendant realized that the plaintiff was unaware of his predicament.

Moreover, if, as was done in *Poncino* v. *Reid-Murdock & Co.,* (1934) 136 Cal. App. 223 [28 Pac. (2d) 932], full significance is given to the adjective ''clear'' in the statement of the further essential that the defendant shall have a clear chance to avoid the accident, then it appears that the defendant here did not have such a chance.

We are of the opinion that this is not a case where the last clear chance rule should have been applied; the trial court was not in error in disregarding it.

The judgment is affirmed. The appeal from the order denying a new trial is dismissed.

Houser, P. J., and Doran, J., concurred.