[Civ. No. 13388. First Dist., Div. Two. Oct. 30, 1947.]

ALBERT A. RALSTON, Appellant, v. THOMAS L. HEWITSON, Respondent.

O'Day & Kearns and Melvin Cohen for Appellant.

Bronson, Bronson & McKinnon for Respondent.

NOURSE, P. J.—This appeal presents the single question whether the trial court erred in refusing to instruct the jury on the last clear chance doctrine.

To avoid controversy we will accept appellant's statement of the evidence in the light most favorable to him. At about 10 p. m. of September 10, 1944, appellant, a pedestrian, attempted to cross the four-lane highway running through the town of Ignacio. He passed safely to the center, where he paused to look for traffic. He saw a car coming behind him from the south. He saw respondent's car about 200 feet away, coming from the north. He became frightened and dashed in front of respondent's car.

It should be added that the center strip, where appellant stood while watching the approaching cars, was an "island" running throughout the length of this portion of the highway approximately 4 feet wide.

■ There was no error in refusing to give the proposed instruction. "The last clear chance rule presupposes: that the plaintiff has been negligent; that as a result thereof she is in a situation of danger from which she cannot escape by the exercise of ordinary care; that the defendant is aware of her dangerous situation under such circumstances that he realizes, or ought to realize, her inability to escape therefrom; that he then has a clear chance to avoid injuring her by the exercise of ordinary care, and fails to do so. If all of these elements are present the rule applies and enables the plaintiff to recover, notwithstanding her own negligence. But if any of them be absent the rule does not apply and the case is governed by the ordinary rules of negligence and contributory negligence." *Palmer* v. *Tschudy*, 191 Cal. 696, 700 [218 P. 36].

We had occasion to enlarge upon this statement in *Poncino* v. *Reid-Murdock & Co.*, 136 Cal.App. 223, 227 [28 P.2d 932], where this court said: "In other words, it is not enough to relieve a plaintiff of his own negligence that the defendant may have had *a chance* to avoid the accident, but defendant must have had the *last chance* and also had a *clear* chance to do so by the exercise of *ordinary* care. That he should have had the *last chance* implies that his chance to avoid the accident must have come later in point of time than any similar chance on the part of the injured person. That he should have had a *clear chance* implies that he must have had more than a *bare possible chance* to avoid an unexpected peril created practically simultaneously with the happening of the accident by the negligence of the injured party."

Again, in *Johnson* v. *Sacramento Northern Ry.*, 54 Cal. App.2d 528, 533 [129 P.2d 503], and *Rather* v. *City & County of San Francisco*, 81 Cal.App.2d 625, 631 [184 P.2d 727], this court followed the rule of the Poncino case. In *Johnson* v. *Sacramento Northern Ry.* (*supra*), at page 532, numerous cases were cited supporting the doctrine of *Palmer* v. *Tschudy*. We see no purpose in prolonging the discussion since the evidence discloses that appellant voluntarily left a place of safety in such a manner that respondent had no chance to avoid the injury.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.