[Civ. No. 16385. Second Dist., Div. Two. May 14, 1948.]

DAVID WALDER et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and HORACE FISH, Respondents.

Wm. A. Wittman and Charles S. Buck for Petitioners.

T. Groezinger and John A. Rowe, Jr., for Respondents.

MOORE, P. J.—Petitioners seeks to annul an order of respondent commission directing it to pay compensation benefits to applicant Horace Fish for injuries he is alleged to have received during the course and as a result of his employment by petitioners. A review of the evidence and authorities readily discloses the error of the order.

Petitioners are the owners of the Penny-Save Food Market in South Gate. Parts of its premises are leased to others but petitioners operate the grocery and market departments. Applicant was approximately 73 years of age on the day he received his injuries and had been a carpenter most of his life. He had been engaged by the former owners of the market on several occasions to do little repair jobs for them. When petitioners purchased the market in 1945 they continued the practice. On various occasions prior to his accident applicant had repaired the roof where burglars had broken through, had repaired the cold water cooler on the roof, and had put a new roof on the shed for petitioners. Another half-dozen times or more he had worked on the doors. The manner of engaging the carpenter's services seldom varied from that followed on the date of the accident. On that day one of the petitioners telephoned him that the doors at the market were stuck and requested him to make the necessary adjustment. He responded and while working on the doors they fell upon him causing grave injury.

Applicant always furnished his own tools except the stepladder which he borrowed from petitioners. He furnished no materials for his jobs and if he ordered any they were paid for by petitioners. The jobs were all small and applicant was always paid in cash in each instance after he had finished his task. No time limit was ever set by petitioners for the completion of a repair. Their custom was to tell him what repair was needed and he performed in such manner as he chose. He testified: "They would tell me what they wanted me to do and leave it up to me to fix it." Applicant also did odd jobs for other people.

■ Ordinarily it is a question of fact to be determined by the commission from the evidence adduced whether the essential relationship of employer-employee exists (*Riskin* v. *Industrial Acc. Com.*, 23 Cal.2d 248, 254 [144 P.2d 16]), and the commission's finding if supported by the evidence will not be disturbed (*Gerrard Co.* v. *Industrial Acc. Com.*, 17 Cal.App.2d 411, 414 [110 P.2d 377]). But "if from all the facts only a single inference and one conclusion may be drawn, whether one be an employee or an independent contractor is a question of law." (*Baugh* v. *Rogers*, 24 Cal.2d 200, 206 [148 P.2d 633, 152 A.L.R. 1043]; *Yucaipa Farmers Assn.* v. *Industrial Acc. Com.*, 55 Cal.App.2d 234, 238 [130 P.2d 146]; *Burlingham* v. *Gray*, 22 Cal.2d 87, 100 [137 P.2d 9].) As defined by Labor Code, section 3353, " 'Independent Contractor' means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the results of his work only and not as to the means by which such result is accomplished."

■ Under such rules it is apparent that applicant at the time he was injured was not an employee of petitioners but was an independent contractor. He was a carpenter repairman who furnished his own tools, kept his own time, and charged petitioners accordingly. This was his business or occupation. Petitioners did not at any time exercise or reserve the right to exercise any shadow of control over his work. They were grocerymen who knew nothing about carpentry and could not have controlled Fish's operations if they had had the right to do so. It was probably because of their want of knowledge and experience that they called in a carpenter, just as one would summon a plumber, an auto mechanic or an electrician to repair machinery upon his own time and in the exercise of his own knowledge and skill.

Under the admitted facts of the case it follows that respondent commission was without jurisdiction to make the award complained of.

The award is annulled.

McComb, J., and Wilson, J., concurred.