[Civ. No. 2149.   First Appellate District.—September 14, 1917.]

DAVID L. JONES, Respondent, v. SOUTHERN PACIFIC
COMPANY (a Corporation), et al., Appellants.

NEGLIGENCE—COLLISION WITH ELECTRIC TRAIN—CONTRIBUTORY NEGLI-
GENCE—FAILURE TO OBSERVE APPROACH OF TRAIN.—In an action for
personal injuries resulting to the plaintiff from a collision between
a taxicab, which the plaintiff was driving, and an electric train
operated by the defendants, where it is plain from the physical facts
established that by looking and listening plaintiff must have ob-
served the approach of the train, the fact that he testified that he
looked but did not see the train until he was on the track will not
suffice to absolve him of contributory negligence.

ID.—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION OF LAW.—Where the
standard of conduct is so obvious as to be applicable to all persons,
and the plaintiff has failed to measure up to that standard, under
the circumstances shown, he is not entitled to have his case go to
the jury.

APPEAL from a judgment of the Superior Court of Alameda County.    Stanley A. Smith, Judge Presiding.

The facts are stated in the opinion of the court.

A. A. Moore, and Stanley Moore, for Appellants.

J. Leonard Rose, for Respondent.

LENNON, P. J.—That the evidence shows, as a matter of law, that the plaintiff was guilty of contributory negligence is the only point raised upon this appeal from a judgment, entered in favor of the plaintiff upon the verdict of a jury in the sum of one thousand dollars, as damages for personal injuries resulting to the plaintiff from a collision, occurring in the city of Oakland, between a taxicab, which the plaintiff was driving, and an electric train operated by the defendants.

Appellants concede, for the purposes of this appeal, that defendants were guilty of negligence, in that, on the night of, and at the time and place of, the collision the defendants were operating an electric train at a high rate of speed; that plaintiff had no warning of the approach of the train in question by bell, whistle, or otherwise, and that the defendants usually maintained a flagman at the street crossing where the collision occurred, but that no flagman was on duty at the time of the collision, or if he was, he failed to signal the approach of the train.

The record discloses evidence tending to show that the accident happened at the intersection of Eleventh and Webster Streets, Oakland; that both of these streets are eighty feet in width and have twelve-foot sidewalks; that from the west property line of Webster Street to the first rail of the track, which runs north and south on Webster Street, is a distance of thirty feet, and that the taxicab was running east on Eleventh Street.

When the taxicab reached the property line of Webster Street there was a space of thirty feet in which the plaintiff had opportunity to look for an approaching train. He testified that he looked for a train at this point, also when he passed the curb line, at which point he would have been eighteen feet from the nearest rail of the track, with an unobstructed view for many blocks of the approaching train.

The headlight of the train was burning, and was plainly seen by a police officer, standing at a point beyond the accident, from the time the train left Second and Webster, a distance of nine city blocks.

Since, from the physical facts established, it is plain that by looking and listening plaintiff must have observed the approach of the train, the fact that he testified that he looked for the approaching train but did not see it until he was on the track will not suffice to absolve him of contributory negligence. (*Chrissinger* v. *Southern Pac. Co.*, 169 Cal. 619, 624, [149 Pac. 175].)

The evidence to the effect that there were telegraph poles along the west side of Webster Street between Tenth and Eleventh Streets, which tended to obstruct the view of one approaching defendant's tracks, is immaterial because of the admitted fact that for thirty feet from the nearest rail of the track there was a clear, unobstructed view. Plaintiff must look at a point where such looking would be effective. (*Griffin* v. *San Pedro, L. A. & S. L. R. Co.*, 170 Cal. 772, [L. R. A. 1916A, 842, 151 Pac. 282].)  According to plaintiff's testimony, he did look after he got past the telegraph poles, also when he passed the curb line, which is eighteen feet from the nearest rail of the track. He said he glanced almost down to Tenth Street and did not see any train. He also admitted that he could have seen the train as far as Tenth Street if he "looked straight at it."

If plaintiff had looked for a train where he said he looked, he must have seen it, for the uncontradicted testimony is that he had a clear view, and that the train was in sight with headlight burning. If he did see it, he was guilty of contributory negligence as a matter of law in attempting to cross. If he did not see it, it was because he did not look, and in that case he likewise was guilty of contributory negligence.

The supreme court, by its recent decisions, has fixed a standard of conduct at railroad crossings, a violation of which is contributory negligence as a matter of law. Under the rule as expounded in the Chrissinger case, *supra*, to the effect that " where the standard of conduct is so obvious as to be applicable to all persons, and the plaintiff had failed to measure up to that standard, under the circumstances shown, he is not entitled to have his case go to the jury,"

we are constrained to reverse the judgment, and it is so ordered.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 12, 1917.