[S. F. No. 10274. In Bank.—May 3, 1923.]

## NEW YORK LUBRICATING OIL COMPANY (a Corporation), Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

[1] NEGLIGENCE — COLLISION BETWEEN TRUCK AND STREET-CAR — CONTRIBUTORY NEGLIGENCE—EVIDENCE.—It is held, in this action for damages to plaintiff's autotruck resulting from a collision between it and an electric car of defendant, that there is no escape from the conclusion, from the uncontradicted evidence, that the driver of the truck, although fully aware of the approach of the car, closed his eyes to the danger necessarily involved in any attempt to cross the track and blindly drove his truck into the path of the oncoming car, and was, therefore, guilty of contributory negligence as a matter of law.

[2] ID.—APPROACHING RAILWAY TRACK—CARE.—It was the duty of the driver of the truck in such case, upon approaching the crossing, to give way to the car, if necessary, to avoid a collision; and the driver of the truck was not justified in relying upon the assumption that the motorman would not in any way be negligent in the operation of his car, and, therefore, the driver was not warranted in believing that the car was being operated at the usual and ordinary rate of speed.

[3] ID.—APPROACHING ELECTRIC RAILWAY TRACK—DUTY—RULE.—The rule with reference to the duty of a person approaching a railroad track is equally applicable to electric railroads which are being

---

1. Attempt to cross in front of observed street-car as contributory negligence, note, **L. R. A.** 1917C, 692.

operated under conditions similar to those under which steam railroads are ordinarily operated; that is to say, as much care and caution is required of a person crossing the tracks of an electric railway upon a private right of way in the open country as is required of a person crossing the tracks of a steam railway.

[4] Id.—Speed of Electric Car—Duty of Driver of Truck.—It was the duty of the driver of the truck in such case to note the speed at which the electric car was approaching the crossing, and if, when the driver of the truck last looked at the approaching car, it was within such a distance and going at such an apparent rate of speed as to cause a reasonable apprehension of danger, it was undoubtedly negligence on the part of the driver to attempt to make the crossing.

[5] Id. — Crossing Railroad Track — Contributory Negligence.— It is the rule in this state that where the physical facts shown by the undisputed evidence raise the inevitable inference that a person approaching a railroad crossing did not look or listen, or that, having looked and listened, he endeavored to cross immediately in front of a rapidly approaching train which was plainly open to his view, he is, as a matter of law, guilty of contributory negligence.

[6] Id.—Last Clear Chance Doctrine—Findings.—In such a case if the judgment in favor of the plaintiff could be sustained only upon the theory of the doctrine of last clear chance, it was essential that the court find that the defendant had the last clear chance to avoid the collision.

[7] Id.—Applicability of Last Clear Chance Doctrine—Notice.— It is a well-settled rule in this state that the last clear chance doctrine in such cases is only applicable to a defendant who actually perceived the predicament and danger of the plaintiff in time to have avoided the accident by the exercise of due diligence. The defendant cannot be held liable upon the theory that he would have discovered the peril of the other but for remissness on his part.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Reversed.

---

4. Duty of driver of automobile to look and listen at railroad crossing, notes, **Ann. Cas.** 1913B, 682; **Ann. Cas.** 1915B, 690; 21 **L. R. A. (N. S.)** 794; 29 **L. R. A. (N. S.)** 924.

6. Application of doctrine of last clear chance to collision between street-car and automobile, note, **Ann. Cas.** 1916E, 515.

Origin, function and mode of doctrine of last clear chance, notes, 55 **L. R. A.** 418; 36 **L. R. A. (N. S.)** 957.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon, Enid Childs, Henry G. Tardy and C. D. Dethlefsen for Appellant.

Barry J. Colding, Theodore Hale and J. E. Pemberton for Respondent.

LENNON, J.—The plaintiff in this action recovered judgment against the defendant for damages to its auto-truck resulting from a collision between the truck, operated by an agent of the plaintiff, and a suburban electric car which was operated by the defendant upon a private right of way running parallel with Sloat Boulevard, in the city and county of San Francisco. The case was tried without a jury. The defense of the defendant rested in part upon the plea of contributory negligence. The trial court found, among other things, that the defendant was guilty of negligence which proximately contributed to the damage complained of and that the plaintiff was free from contributory negligence.

It seems to be conceded, and properly so, that the motorman was guilty of negligence in his operation of the streetcar prior to the time of the collision. It is contended, however, in support of the appeal from the judgment rendered in favor of the plaintiff, that the evidence shows affirmatively, and without contradiction, that the driver of the truck was, as a matter of law, likewise guilty of negligence which proximately contributed to the accident.

This contention, we think, must be sustained.

The evidence adduced upon the entire case tends to show the following facts: The collision occurred about 10 o'clock in the morning of a clear day in an outlying district of San Francisco. The crossing at which the accident happened was not a regular stop for cars. There was a sign overhead, "Cars Stop Here," but cars stopped at that point only on signal. On the north side of the car tracks was an aviation field and on the south side was practically open country. The car prior to and at the time of the collision was moving toward the crossing at a speed of from thirty to thirty-five miles an hour. Until the car approached within fifty feet of the crossing the motorman did not give

his entire attention to the track ahead of him. When the motorman ultimately discovered that a collision between the car and the truck was imminent and inevitable he jumped back into the car, and after it had proceeded three or four hundred feet beyond the point of collision, went forward and stopped the car.

The evidence is uncontradicted to the effect that the truck was approaching the crossing at the rate of five miles per hour and that the driver of the truck, some little time prior to the collision, looked and saw the car approaching the crossing, but continued driving the truck on in its course at the same rate of speed in an attempt to make the crossing. The evidence is also uncontradicted to the effect that going at the rate of speed of five miles per hour the truck could have been stopped within a distance of three feet; that the driver of the truck had, at all times, as he approached within forty feet of the railroad crossing, an unobstructed view of the tracks for a distance of seven hundred feet; that from Nineteenth Avenue, which is approximately one thousand feet east of the point of collision, there is a descending grade of two and three-fourths per cent on the defendant's private right of way, and down this grade the electric car was coasting; that the driver first saw the car approaching when he was forty feet distant from the track and that at that time the car was seven hundred feet away; that he watched the approach of the car from that time until he reached a point twenty-five feet from the track, at which time the car was five hundred feet away, and that he made no attempt to slow up, stop or accelerate the speed of the truck. It is also an uncontradicted fact in the case that the driver of the truck did not at any time prior to the collision note or attempt to observe the speed at which the car was approaching the crossing.

[1] There is no escape from the conclusion, it seems to us, from the uncontradicted evidence as above outlined, that the driver of the truck, although fully aware of the approach of the car, closed his eyes to the danger necessarily involved in any attempt to cross the track, and blindly drove his truck into the path of the oncoming car, and was, therefore, guilty of contributory negligence as a matter of law. (*Martz* v. *Pacific Electric Ry. Co.*, 31 Cal. App. 592 [161 Pac. 16].)

Admittedly the driver of the truck not only could see, but actually did see, the car as it came down the descent at an excessive rate of speed. And if he could, as the evidence shows without contradiction, have stopped his truck at any time prior to the collision within a distance of three feet, then surely his failure to do so under the shown circumstances of an obvious and imminent danger was a failure to exercise that ordinary care which a reasonably prudent man is required by the law to exercise in such a situation. The failure of the driver of the truck to come to a stop upon the approach of the car is attempted to be justified by the admitted fact that he did not note the speed of the car, but relied upon the assumption that the car was going at its "regular rate of speed," and that, therefore, he had time to safely cross. **[2]** It was the duty of the driver of the truck upon approaching the crossing to give way to the car, if necessary, to avoid a collision. (*Arnold* v. *San Francisco-Oakland Terminal Rys.*, 175 Cal. 1, 5 [164 Pac. 798].) There is no showing as to what was the regular rate of speed of the electric cars in the vicinity of the collision, nor was there any showing that the driver of the truck knew the regular speed of the cars in that vicinity or elsewhere. The driver of the truck was not justified in relying upon the assumption that the motorman would not in any way be negligent in the operation of his car, and, therefore, the driver was not warranted in believing that the car was being operated at the usual and ordinary rate of speed. (*Hutson* v. *Southern California Ry. Co.*, 150 Cal. 701, 703 [89 Pac. 1093]; *Alloggi* v. *Southern Pacific Co.*, 37 Cal. App. 72 [173 Pac. 1117].)

**[3]** The rule with reference to the duty of a person approaching a railroad track is equally applicable to electric railroads which are being operated under conditions similar to those under which steam railroads are ordinarily operated. That is to say, as much care and caution is required of a person crossing the tracks of an electric railway upon a private right of way in the open country as is required of a person crossing the tracks of a steam railway. (*Martz* v. *Pacific Electric Ry. Co., supra; Heitman* v. *Pacific Electric Ry. Co.*, 10 Cal. App. 397 [102 Pac. 15]; *Simoneau* v. *Pacific Electric Ry. Co.*, 159 Cal. 494

[115 Pac. 320] ; *Phillips* v. *Washington etc. Ry. Co.,* 104 Md. 455 [10 Ann. Cas. 334, 65 Atl. 422].)

[4] It was the duty of the driver of the truck to note the speed at which the electric car was approaching the crossing, and if, when the driver of the truck last looked at the approaching car, it was within such a distance and going at such an apparent rate of speed as to cause a reasonable apprehension of danger, it was undoubtedly negligence on the part of the driver to attempt to make the crossing. (*Martz* v. *Pacific Electric Ry. Co., supra.*)

[5] It is the rule in this state that where the physical facts shown by the undisputed evidence raise the inevitable inference that a person approaching a railroad crossing did not look or listen, or that, having looked and listened, he endeavored to cross immediately in front of a rapidly approaching train which was plainly open to his view, he is, as a matter of law, guilty of contributory negligence. (*Martz* v. *Pacific Electric Ry. Co., supra; Jones* v. *Southern Pacific Co.,* 34 Cal. App. 629 [168 Pac. 586].)

[6] It has been suggested in support of the judgment that the trial court may have resorted to and applied the doctrine of last clear chance. It will be noted in this behalf that the trial court did not find that under all of the circumstances preceding and attending the approach of the truck and the car the defendant had the last clear chance to avoid the collision, and if the judgment in favor of the plaintiff could be sustained only upon the theory of the doctrine of last clear chance, then it was essential that the court find that the defendant had the last clear chance to avoid the collision. (*Stein* v. *United Railroads,* 159 Cal. 368 [113 Pac. 663] ; *Tucker* v. *United Railroads,* 171 Cal. 702 [154 Pac. 835].)

But even if the findings of the trial court could be construed to cover the doctrine of last clear chance, we are satisfied that there is no room for its application to the facts of the instant case as presented in the record before us. [7] It is a well-settled rule in this state that this doctrine is only applicable to a defendant who actually perceived the predicament and danger of a plaintiff in time to have avoided the accident by the exercise of due diligence. A defendant cannot be held liable upon the theory

that he would have discovered the peril of the other but for remissness on his part. (*Herbert* v. *Southern Pacific Co.,* 121 Cal. 227 [53 Pac. 651]; *Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 514 [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15]; *Thompson* v. *Los Angeles etc. Ry. Co.,* 165 Cal. 748 [134 Pac. 709]; *Tucker* v. *United Railroads, supra.*) Conceding, however, that the motorman, while he was yet some distance from the point of collision, was aware of the approach of the truck, nevertheless it is an undisputed fact that the driver of the truck was likewise aware of the approach of the car, and that he could have brought the truck to a standstill within a distance of three feet. There was a concurrent duty, as a matter of law, upon the part of the driver of the truck to stop, if possible, before the actual collision occurred. Obviously the truck proceeding at the slow rate of speed mentioned, and with the ability to stop within the short distance of three feet, had the greater opportunity to avoid the collision. And so long as the negligence of the driver of the truck in continuing on in his course to the point of crossing the tracks of the defendant was contemporaneous and concurrent with that of the defendant's motorman, plaintiff cannot rightfully rest its case upon the doctrine of last clear chance. (*Young* v. *Southern Pacific Co.,* 189 Cal. 746 [210 Pac. 259].)

Judgment appealed from is reversed.

Wilbur, C. J., Waste, J., Myers, J., Kerrigan, J., and Seawell, J., concurred.

Rehearing denied.