[L. A. No. 9023.   In Bank.—August 27, 1928.]

CALIFORNIA RENDERING COMPANY (a Corporation), Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

74

Frank Karr, E. E. Morris, C. M. Cornell and R. E. Wedekind for Appellant.

Martin Forrest for Respondent.

THE COURT.—After a further and more complete consideration of the opinion herein rendered by the district court of appeal, we are of the opinion that it correctly states the views of this court upon the questions therein determined. This opinion, written by Justice *pro tem.* Wood and concurred in by Presiding Justice Conrey and Justice York, we hereby adopt as the opinion of this court, and it is as follows:

"Plaintiff recovered a judgment for damages sustained when its truck collided with a car of the defendant company. The accident occurred at about 11:30 o'clock in the morning at a point at which the rails of defendant company cross Cypress road on the interurban electric line between Los Angeles and Redondo Beach. The defendant was operating two sets of tracks and the car in question, traveling from Los Angeles to Redondo Beach, struck the right rear wheel of the truck as it crossed the west-bound tracks. The driver of the truck, one Schultz, approached the intersection traveling on Cypress road in a northerly direction. At his right, the direction from which the car was coming, a number of cypress trees planted close to the road obstructed his view to such an extent that he could not see an approaching car from any point from which he would have to look through the trees. A line extending from the trees across Cypress road would be thirty-two feet from the nearest rail of the tracks on which the car was traveling. Except at the intersection defendant's cars were operated

on its right of way. A wigwag was in operation and the customary railroad sign had been erected. The territory about the intersection was described as 'truck garden country' and the intersection itself was described by Schultz as a 'regular country road crossing.' He had frequently driven over it before the day of the accident.

"Defendant contends that the evidence is insufficient to support the finding that it was negligent in the operation of the car, and cites *Bilton* v. *Southern Pacific Co.*, 148 Cal. 443 [83 Pac. 440], and *Larrabee* v. *Western Pacific Ry. Co.*, 173 Cal. 743 [161 Pac. 750], both holding that, in the absence of a statutory regulation on the subject, a given rate of speed is not negligence as a matter of law. These cases do not change the general rule that the question of negligence is for the trial court to determine in view of all the circumstances surrounding the collision. ▮ While it is well established that proof of a given high rate of speed, in the absence of a statute or ordinance, does not establish negligence *per se,* it is equally well established that a car traveling at the same high rate of speed is not necessarily operated in a manner free from negligence. (*Tousley* v. *Pacific Electric Co.*, 166 Cal. 457 [137 Pac. 31].) A rate of speed which in some circumstances would be regarded as reckless might in other circumstances be held to be proper. ▮ Here there was evidence from which the court could reasonably infer that the car was traveling at a rate of speed fifty miles per hour at a crossing frequently used where the drivers of vehicles could not see approaching cars until they arrived at a point thirty-two feet from the point of danger; and that the whistle on the car was not blown until the truck in question reached this point. In view of these circumstances it cannot be said that the findings of the trial court on this subject were not supported by the evidence.

▮ "Defendant further contends that the evidence establishes that the driver of the truck was guilty of contributory negligence as a matter of law. This contention must be upheld. Schultz testified that he approached the intersection at the rate of about five miles per hour and that he could stop his truck in about two or three feet. He further testified: 'I stopped about where that "X" is (referring to the map), and looked down to the east of me. I could see down to the east approximately 300 feet. I did not see any

car approaching, and then I started up and looked to my right as I proceeded ahead. . . . When I stopped I was right on a line with those trees and I could see about 300 feet down the track. That is as far as I could see. I looked to the west between the time I started up and the time I drove onto the track. I looked to the east again after I hit the track. When I looked to the east again one wheel was on the track. *I did not look to the east between the time I started up and the time I hit the track.* . . . When I first saw the car the front wheels of my truck were on the track. At that time the car was about 300 feet away. Had I looked to my right, or to the east, at any time between the point X and the point A (point of collision), I suppose I would have been able to see this car coming. There was nothing to obstruct my view.' ▇ While as a general rule the question of contributory negligence is one for the determination of the trial court, it has been frequently held that where the only reasonable conclusion that can be drawn from the evidence is that the driver was negligent the question becomes one of law rather than one of fact. In *Herbert* v. *Southern Pacific Co.*, 121 Cal. 227 [53 Pac. 651], it is said: 'But the cases arising from injuries suffered at railroad crossings have been so numerous, and upon certain points there has been such absolute accord, that what will constitute ordinary care in such a case has been precisely defined.' The rules applicable to the present case are the same as those governing collisions at crossings of steam roads. (*New York L. Oil Co.* v. *United Railroads*, 191 Cal. 96 [215 Pac. 72]; *Billig* v. *Southern Pacific Co.*, 192 Cal. 357 [219 Pac. 992].) In *Griffin* v. *San Pedro, L. A. & S. L. R. R. Co.*, 170 Cal. 772 [L. R. A. 1916A, 842, 151 Pac. 282], it was impossible for the driver of the automobile 'to get a clear view of the railway track to the south until he passed a corner of the fence seventeen feet from the track. . . . If, therefore, he had stopped at a point where his head would have been sixteen feet from the track there would have been five feet between the front of his car and the zone of danger from a locomotive and he could have obtained from that point an unobstructed view of the rails for a distance of approximately twelve hundred feet. Instead of stopping to look when he reached this first available place for seeing, Mr. Griffin chose to bring his automobile to a standstill at a

point about thirty-five feet east of the track where it would be impossible to see a train approaching from the south. At this point he stopped to listen and to look for smoke. Hearing no noise and perceiving no smoke he started to cross the track.' In holding the plaintiff was guilty of contributory negligence as a matter of law, the court said: 'From these facts it is clear that Mr. Griffin neglected the simplest and plainest precautions for the safety of himself and the others in the automobile. It is the duty of a traveler on a highway approaching a railroad crossing to use ordinary care in selecting a time and a place to look and listen for coming trains.' In *Jones* v. *Southern Pacific Co.*, 34 Cal. App. 629 [168 Pac. 586], the court said: 'When the taxicab reached the property line of Webster street there was a space of thirty feet in which the plaintiff had opportunity to look for an approaching train. He testified that he looked for a train at this point, also when he passed the curb line, at which point he would have been eighteen feet from the nearest rail of the track, with an unobstructed view for many blocks of the approaching train. . . . Plaintiff must look at a point where such looking would be effective. . . . If plaintiff had looked for a train where he said he looked, he must have seen it, for the uncontradicted testimony is that he had a clear view, and that the train was in sight with headlight burning. If he did see it, he was guilty of contributory negligence as a matter of law in attempting to cross. If he did not see it, it was because he did not look, and in that case he likewise was guilty of contributory negligence.'

"The facts in the case at bar establish contributory negligence on the part of the plaintiff as positively as in either of the two cases last referred to. By the testimony of the driver it was shown that he traveled a distance of thirty-two feet (making allowance for the distance between the driver's seat and the front of the truck) during which he had an unobstructed view of the approaching car. During this time he either failed to look to the right at all or if he did so he must have looked heedlessly. In either case his negligence is apparent. (*New York L. Oil Co.* v. *United Railroads*, 191 Cal. 96 [215 Pac. 72] *supra*.) He cannot be cleared of the charge of negligence by a showing that he stopped the truck on a line with the trees and there looked to the right.

It was his duty to look for approaching cars at such point and in such a manner as would enable him to determine if he could proceed in safety. No circumstances were shown in evidence which tended to excuse him from discharging this duty. His failure so to do, although ample opportunity was afforded, must inevitably lead to the conclusion that he was guilty of contributory negligence as a matter of law.''

The judgment is reversed.