[Civ. No. 6939. Second Appellate District, Division Two.—January 4, 1932.]

ALBERT E. FINN, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

Samuel A. Rosenthal for Appellant.

Gibson, Dunn & Crutcher, Norman S. Sterry and Penn Cummings for Respondent.

CRAIG, J.—The appellant commenced an action for damages alleged to have been incurred as a result of being struck by an electric car of the respondent while crossing its private right of way. At the conclusion of his evidence before a jury the trial court directed a verdict in favor of the defendant, and judgment having been entered accordingly, and a new trial denied, appeals were taken from said judgment, from the minute order directing a verdict, and from the order denying a new trial. Since there is no appeal from such orders, we are concerned only with the appeal first mentioned.

Alighting from a north-bound car at a cement landing, the appellant looked in a northerly direction, and seeing no south-bound car approaching, started to cross the lines of track. He admitted that his view toward the north was obstructed by the departing car. As he stepped between the

rails of the westerly line of tracks, he was struck by a car traveling with lighted headlight in excess of the legal rate of speed toward the south. He also testified: "I had been in the habit of riding those cars a great deal and had noticed that the wheels make a rumbling sound as they turn over on the steep track beneath them. I did not listen to see if I could hear the wheels of the street car making a sound. I just looked. I saw nothing until it hit me. It seems to me it was almost upon me when I saw it on that east rail, and that is when I was taking a step over the east rail of the southbound track. I was in full possession of my faculties, my senses of sight and hearing, at the time of the accident."

This case falls within the principles announced in *Riney* v. *Pacific Elec. R. Co.*, 45 Cal. App. 145 [187 Pac. 50, 51]. We do not view it as distinguishable to appellant's advantage in the respect suggested in his briefs. As stated in the cited case, the pedestrian was injured while crossing lines of parallel tracks about twenty-one feet apart, when "the most obvious dictates of common prudence required him to look and listen again before entering the second track". The accident in the instant case occurred at night, when the headlight could have been seen for a considerable distance, and one witness testified that he heard the rumble of the approaching car. The rules announced in the above-mentioned authority do not absolve one in full possession of his senses and familiar with the existing conditions from negligence in failing to exercise any care in stepping from behind one car into the path of another. Appellant's grounds of appeal are completely answered therein, in the following language: "The rules of caution applicable, therefore, are rather those of the steam railway than of street car traffic. . . . The doctrine of last clear chance is not applicable to this case. . . . There is no evidence here that the motorman discovered, in time to avoid the accident, that plaintiff was in danger from which he could not escape. It is not enough that defendant ought to have known, but it must appear that he actually did know, of plaintiff's position of imminent danger."

The appeals from the orders mentioned are dismissed. The judgment is affirmed.

Work, P. J., and Thompson (Ira F.), J., concurred.