[Civ. No. 7163. Second Appellate District, Division Two.—June 6, 1932.]

ETHEL E. PURTELL et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

Victor F. Collins and Joseph W. Pierce for Appellants.

Frank Karr, E. E. Morris and C. W. Cornell for Respondent.

THOMPSON (IRA F.), J.—This action was instituted for the purpose of recovering damages for the death of James

W. Purtell alleged to have been caused by the negligence of the defendant in the operation of an interurban train running between Los Angeles and Redondo. The trial court granted a motion for a nonsuit on the ground apparently that the testimony established contributory negligence on the part of the decedent. This is an appeal from the judgment.

■ The accident occurred March 28, 1928, about five minutes before 7 o'clock in the morning at the intersection of Cedar Avenue in Hawthorne and the right of way of the respondent company. The car of the respondent was going east and the deceased was traveling south on Cedar Avenue in his automobile. The intersection of the street with the railroad line was marked by the cross-arms customarily employed to designate such a crossing with the words "Railroad Crossing—Look Out for the Cars" in large letters painted thereon. The deceased was observed on several previous occasions to have passed the place driving the automobile used by him on the unfortunate occasion. Immediately prior to the accident he was seen about 100 feet north of the crossing driving at a speed estimated at about 15 or 20 miles per hour which had slackened if anything, when he was about 20 feet from the tracks. A garage located on the northwest corner of the intersection set back from the tracks about 25 feet and some small trees, were to the rear of it. However, the top portion of an approaching car of the railroad company was observable over the trees and garage by the driver of an automobile for a hundred or more feet north of the intersection and when the line of the garage was passed the tracks were entirely unobstructed. Both east and west of the streets the rails of the tracks are laid on exposed ties with the rails above the level of the ground. During the time that the deceased was observed to be approaching the tracks he was looking to the east or directly ahead—the witness first saying that "he was looking straight ahead", but denying it when his attention was directed to testimony given by him at the coroner's inquest to the statement "That the driver's head was looking east" with the affirmation that the latter assertion was "correct, positively".

Under the recited facts we must affirm the order of the trial court. In the case of *Young* v. *Pacific Elec. Ry. Co.*,

208 Cal. 568 [283 Pac. 61], where the identical line of railroad was involved as here, it was said: "This court has had frequent and recent occasion to define the duty of persons approaching in vehicles railroad crossings similar to that existing in this case, and similarly obscured, and in each of these cases this court has uniformly held that the conduct of persons thus approaching such crossings without stopping, looking or listening for approaching trains amounted to contributory negligence, as a matter of law, which would prevent recovery by themselves, or, in the event of their death, by their personal representatives, in the event of a consequent casualty. (*Griffin* v. *San Pedro etc. R. R. Co.*, 170 Cal. 772 [L. R. A. 1916A, 842, 151 Pac. 282]; *Murray* v. *Southern Pac. Co.*, 177 Cal. 1 [169 Pac. 675]; *Billig* v. *Southern Pac. Co.*, 192 Cal. 357 [219 Pac. 992]; *Parker* v. *Southern Pac. Co.*, 204 Cal. 609 [269 Pac. 622]; *California Rendering Co.* v. *Pacific Elec. Ry. Co.*, 205 Cal. 73 [269 Pac. 922]; *Koster* v. *Southern Pac. Co.*, 207 Cal. 753 [279 Pac. 788].)" Reference may also be had to *Riney* v. *Pacific Electric Ry. Co.*, 45 Cal. App. 145 [187 Pac. 50].

It is urged by appellants that the presumption mentioned in subdivision 4 of section 1963 of the Code of Civil Procedure "that a person takes ordinary care of his own concerns" raises a conflict which they were entitled to have go to the jury. In the face of the testimony herein set forth it is patent that there was no room for the operation of the presumption. To this effect are numerous authorities, among which we need only to cite *Young* v. *Pacific Elec. Ry. Co., supra,* and *Koster* v. *Southern Pac. Co.*, 207 Cal. 753 [279 Pac. 788].

Judgment affirmed.

Works, P. J., and Fricke, J., *pro tem.*, concurred.