[Civ. No. 10214. Second Appellate District, Division Two.—September 3, 1935.]

HYMAN KORCHAK, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

Henry K. Elder, Boyd A. Taylor, Raymond Tremaine and Franklin L. Knox, Jr., for Appellant.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Respondents.

WILSON, J., *pro tem.*—This action is for personal injuries received by plaintiff when struck by a car of respondent Pacific Electric Railway Company. The court directed a verdict in favor of defendants, and from the judgment entered thereon plaintiff appeals. It was stipulated that plaintiff was guilty of negligence, and that the sole question to be determined was whether or not the doctrine of last clear chance was applicable, entitling the plaintiff to have the cause go to the jury upon that question alone.

The accident occurred in Culver City when appellant was crossing the interurban track of respondent company at a private crossing leading from a public highway into a moving picture studio at which appellant was employed. The tracks extend easterly and westerly on a private right of way parallel with and north of the said public highway and separated therefrom by a curb six inches high. The ties are above the surface of the ground, and the rails extend their full height above the ties excepting that portion of the right of way occupied by the crossing which is 30 feet in width. The crossing is paved flush with the top of the rails and is maintained with the consent of the railway company. Near the intersection of the east line of the crossing with the south line of the railroad right of way there is a wigwag. It is a distance of 21 feet from the curb on the south line of the right of way to the south rail of the eastbound track, and 18½ feet from said rail to the north rail of the westbound track. The trolley poles are between the tracks. A chain was suspended between two posts across the private crossing about three feet above the pavement and about ten feet south of the south rail. The chain was movable for the purpose of allowing vehicular traffic to pass between the public highway and the studio. The accident occurred after dark. The crossing was lighted, the wigwag was oscillating, and nothing obscured the view of the track upon which the car

was traveling. The chain was in place and appellant walked around one of the posts in order to cross the railway tracks.

Appellant testified that when he was on the curb, twenty-one feet from the south rail, he looked westerly and saw no car, that he did not see it until he was struck, that he did not hear a whistle blown, and did not see the wigwag. The motorman testified that he saw appellant when the latter was at the curb line and the car was 125 feet from the crossing; that he applied the emergency brakes and sounded the emergency whistle; that appellant paid no attention but, apparently oblivious of the approaching car, walked onto the track and was struck when he was near the north rail.

The accident having happened on the respondent company's private right of way on which it operated its interurban cars and trains, and not on a city street, the cases cited by appellant in which street cars, or interurban cars operated on paved city streets, were involved in accidents are not applicable, but the rules relating to steam railroad crossings govern. (*Simoneau* v. *Pacific Electric Ry.*, 159 Cal. 494 [115 Pac. 320]; *California Rendering Co.* v. *Pacific Electric Ry.*, 205 Cal. 73 [269 Pac. 922]; *Riney* v. *Pacific Electric Ry.*, 45 Cal. App. 145 [187 Pac. 50]; *Phillips* v. *Pacific Electric Ry. Co.*, 89 Cal. App. 122 [264 Pac. 538]; *New York Lubricating Oil Co.* v. *United Railroads*, 191 Cal. 96 [215 Pac. 72]; *Billig* v. *Southern Pacific Co.*, 192 Cal. 357 [219 Pac. 992].) Consequently the same care and caution was required of appellant in crossing respondent's tracks as is required of one crossing the tracks of a steam railway. The duties and liabilities of the motorman here were similar to those of an engineer of a railroad train and were not limited by the rules relating to motormen of street railway cars.

The presence of five elements is necessary in order that the doctrine of last clear chance may be invoked: (1) That the plaintiff has been negligent; (2) That as a result thereof he was present in a situation of danger from which he could not escape by the exercise of ordinary care; (3) That the defendant was aware of his dangerous situation and realized, or ought to have realized, his inability to escape therefrom; (4) That the defendant then had a clear chance to avoid injuring him by the exercise of ordinary care; (5) That the defendant failed to avoid the accident by the use

of ordinary care. ■ It is not required that the plaintiff show that his inability to escape from the threatened danger was a physical impossibility. The doctrine applies equally if he was wholly unaware of his danger and for that reason was unable to escape it. (*Darling* v. *Pacific Electric Ry. Co.*, 197 Cal. 702 [242 Pac. 703]; *Choquette* v. *Key System Transit Co.*, 118 Cal. App. 643 [5 Pac. (2d) 921].) ■ The absence of any one of these elements renders the doctrine inapplicable, and the case is governed by the ordinary rules of negligence and contributory negligence. (*Bagwill* v. *Pacific Electric Ry. Co.*, 90 Cal. App. 114 [265 Pac. 517]; *Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36]; *Chappell* v. *San Diego etc. Ry. Co.*, 201 Cal. 560 [258 Pac. 73].)

■ During all of the time that a pedestrian is approaching a railroad track he is in a position of absolute safety. The law is well established that an engineer or a motorman is not charged with knowledge that the pedestrian will change his position to one of peril, but he has a right to assume that the pedestrian will exercise his faculties of observation and caution, and will not remove himself from a place of safety and recklessly expose himself to danger, when it is obvious that with the slightest care he could stop and avoid the peril. (*Green* v. *Los Angeles Terminal Ry. Co.*, 143 Cal. 31 [76 Pac. 719, 101 Am. St. Rep. 68]; *Billig* v. *Southern Pacific Co.*, *supra*; *Basham* v. *Southern Pacific Co.*, 176 Cal. 320 [168 Pac. 359]; *Holmes* v. *South Pacific Coast Ry. Co.*, 97 Cal. 161 [31 Pac. 834]; *Green* v. *Southern Pacific Co.*, 122 Cal. 563 [55 Pac. 577]; *Choquette* v. *Key System Transit Co.*, *supra*.)

■ The fact that the motorman saw the appellant approaching the track did not charge the motorman with knowledge that the appellant would negligently go upon the track in front of the approaching car, and did not require the motorman to stop his car for the purpose of allowing the appellant to cross. (*Green* v. *Los Angeles Terminal Ry. Co.*, *supra*; *Choquette* v. *Key System Transit Co.*, *supra*.)

■ From the time when the motorman first saw appellant at the curb line the latter was in a safe location until he placed himself in a position of peril by stepping upon the railroad track. (*Schooley* v. *Fresno Traction Co.*, 56 Cal. App. 705 [206 Pac. 481]; *Green* v. *Los Angeles Terminal Ry. Co.*, *supra*.) Until that time there was no dangerous situation of

which the motorman could have been aware. It is nevertheless evident that the motorman kept a lookout, and that he used proper care in attempting to stop his car even while the appellant was yet in a position of safety. As soon as he saw the appellant, the latter being then twenty-one feet from the rail, he used every effort to warn the appellant and to stop the car, by sounding his whistle and setting the brakes in emergency. At the time when the motorman was performing these acts he still had a right to assume that appellant would exercise his faculties and would himself avoid the calamity. (*Choquette* v. *Key System Transit Co., supra; Basham* v. *Southern Pacific Co., supra; Billig* v. *Southern Pacific Co., supra.*) The doctrine of last clear chance has no application in this case.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 31, 1935.