[Civ. No. 11592. Second Appellate District, Division Two.—January 22, 1938.]

ARMOUR RALPH GUYER, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

William C. Ring and Bernard E. Hill for Appellant.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Respondents.

McCOMB, J.—Plaintiff appeals from a judgment in favor of defendants after the trial court granted the defendants' motion for a nonsuit in an action to recover damages for the wrongful death of Ralph Guyer. Plaintiff is decedent's only heir at law.

Viewing the evidence most favorable to plaintiff, as we must in reviewing a judgment predicated upon a motion for a nonsuit (*Montgomery* v. *Nelson,* 211 Cal. 497, 499 [295 Pac. 1934]), the material facts are these:

Diagram of the Intersection where the Accident Hereinafter Described Occurred.

September 11, 1935, about 4:45 P. M., defendant corporation was operating an electric train with defendant Brown as motorman. The train was moving in a southeasterly direction on the track just northwest of the point where the right of way crosses Anaheim Boulevard in the city of Long Beach, California. The boulevard at this point runs east and west. Waiting for the train to pass was a car stopped just east of the intersection on the north side of the street. Also stopped and waiting for the train to pass were several cars on the south side of the boulevard just southwest of the crossing.

For approximately 1,000 feet prior to reaching the northerly line of Anaheim Boulevard defendant Brown had been sounding the whistle on the train by blowing two long and two short blasts. At the same time there were oscillating at the intersection on both sides of the track two red circular wigwags containing illuminated red lights in the center thereof, and the bells attached to the wigwags were ringing.

A few feet prior to entering Anaheim Boulevard defendant Brown observed an automobile about 150 feet east of the tracks on Anaheim Boulevard traveling in a westerly direction about thirty miles per hour, which was being operated by Dr. Guyer. Defendant Brown immediately applied the emergency brakes to the train. Meanwhile Dr. Guyer's automobile continued in a westerly direction and passed to the left of the car stopped on the north side of the highway.

About fifteen feet from the crossing he applied the brakes to his car and turned to the southwest in front of the approaching train, the right front of which collided with the rear right of Dr. Guyer's car. As a result he received personal injuries, from which he died.

From the point on Anaheim Boulevard where Dr. Guyer's car was when first seen by defendant Brown, Dr. Guyer could have observed a train approaching from the northwest at least 1,000 feet away.

These are the questions presented for determination:

*First: Was Dr. Guyer guilty of contributory negligence as a matter of law, in view of the facts stated above?*

*Second: Was the doctrine of last clear chance applicable under the foregoing statement of facts?*

*Third: Did the trial court err in:*

*(a) Sustaining an objection to questions propounded to a photographer as to*

*(1) whether a camera would produce objects not visible to the human eye, and*

*(2) what the customary prevailing winds at the scene of the accident were?*

*(b) Striking from evidence witness Sykes' testimony to the effect that at the time of the accident the wind "was so strong that I couldn't even hear the whistle myself"?*

The first question must be answered in the affirmative. It is the settled law of this state that, if the physical facts shown by undisputed evidence raise the inevitable inference that a person approaching a railroad crossing did not look or listen or that, having looked or listened, he endeavored to cross immediately in front of a rapidly approaching train which is plainly open to view, he is as a matter of law guilty of contributory negligence. (*New York Lub. Oil Co. v. United Railroads,* 191 Cal. 96, 101 [215 Pac. 72]; *Locke v. Los Angeles Ry. Corp.,* 10 Cal. App. (2d) 478, 480 [51 Pac. (2d) 1111]; *Rasmussen v. Fresno Traction Co.,* 138 Cal. App. 540, 547 [32 Pac. (2d) 1091]; *Martz v. Pacific Elec. Ry. Co.,* 31 Cal. App. 592, 597 [161 Pac. 16].)

Applying the foregoing rule to the facts of the instant case, it is evident from the undisputed physical facts that Dr. Guyer had an unobstructed view of defendant's train as it approached the intersection and that either he did not

look or listen or, having looked, failed to·heed the rapidly approaching train and endeavored to cross immediately in front of it. In either event he was guilty of contributory negligence as a matter of law.

██ The second question must be answered in the negative. The law is settled in California that the following elements must be present in order to bring the doctrine of last clear chance into operation (*Palmer* v. *Tschudy,* 191 Cal. 696, 700 [218 Pac. 36]) :

(1) Plaintiff has been negligent.

(2) As a result of plaintiff's negligence he is in a situation of danger from which he cannot escape by the exercise of ordinary care.

(3) Defendant is aware of plaintiff's dangerous situation and realizes, or ought to realize plaintiff's inability to escape therefrom.

(4) Defendant then has a clear chance to avoid injuring plaintiff by the exercise of ordinary care and fails to do so. (*Darling* v. *Pacific Elec. Ry. Co.,* 197 Cal. 702, 707 [242 Pac. 703] ; *Erwin* v. *Morris,* 10 Cal. App. (2d) 168, 170 [51 Pac. (2d) 149] ; *Choquette* v. *Key System Transit Co.,* 118 Cal. App. 643, 657 [5 Pac. (2d) 921].)

██ The uncontradicted testimony shows that defendant Brown immediately upon observing Dr. Guyer's automobile applied the emergency brakes to the train he was operating, continued to ring his bell, and did all in his power to avoid the unfortunate accident. It is, therefore, evident that the elements of the doctrine of last clear chance set forth in paragraph (4) above are absent from this case. Defendants neither had a clear chance to avoid injuring Dr. Guyer subsequent to learning his position of danger nor did they fail to avoid the accident by not using ordinary care.

██ We will not consider the problem presented in paragraph (a) of the third question for the reason that it is the established law of this jurisdiction that where a question to which an objection is sustained does not itself indicate that the answer to it will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed on appeal by an appellate court, an offer of what is proposed to be proven must first be made to the trial court so that the reviewing court can determine whether the proposed evidence would have been material and beneficial to the party offering

it. (*Newman* v. *Sunde*, 23 Cal. App. (2d) 332 [73 Pac. (2d) 260]; *Abrams* v. *Hubert*, 10 Cal. App. (2d) 404, 407 [51 Pac. (2d) 884].) In the present case the question did not indicate that the answer would be either material or beneficial to plaintiff nor was any offer of proof made.

The trial court's ruling in striking from evidence the testimony set forth in paragraph (d) of the third question, *supra*, was correct. There was no showing that witness Sykes had the same faculties for hearing as the deceased. Also in the present case it was entirely immaterial whether witness Sykes heard the warning signal. The question at issue was whether deceased heard the warning signals or not. Therefore the testimony was properly excluded as not being material to the case nor was the testimony admissible as being that of an expert witness, since the subject of inquiry was not a proper one for expert testimony.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1938.