[Civ. No. 15884.   Second Dist., Div. Two.   Oct. 17, 1947.]

MORRIS LEVIN, Appellant, v. A. E. BROWN et al.,
Respondents.

914

Katz, Gallagher & Margolis and John W. Porter for Appellant.

Frank Karr, C. W. Cornell and O. O. Collins for Respondents.

MOORE, P. J.—Plaintiff appeals from a ju'dgment of nonsuit granted at the conclusion of his evidence on the ground that he was guilty of contributory negligence. He had been stricken down by a car of the corporate defendant operated by defendant Brown while it was on the company's private right of way crossing the sidewalk on which appellant was walking.

The accident occurred about 5:35 p. m. of September 15, 1943, on South Main Street in Los Angeles near its intersection with Jefferson Street. Main Street extends in a northerly and southerly direction, while Jefferson intersects it at right angles. On double tracks the Los Angeles Railway operates its system of yellow, electrically propelled cars on Main as well as on Jefferson Street. The company owns a private right of way in the same vicinity, known as the "Air Line," whose red cars run from the company's principal Los Angeles station to the city of Santa Monica. Near the Jefferson-Main intersection the Air Line lies in a straight northeast-southwest direction for at least 600 feet. Its north rail crosses the west curb of Main Street about 25 feet south of the southwest corner of Jefferson and Main. Lying adjacent to the right of way, on the south side thereof, is the building in which appellant had worked for three months prior to the accident. He had emerged onto Main Street from a door of that building about "five or six seconds" before his collision with the red car.

As appellant stepped out he approached the curb and looked southerly for a northbound yellow car that might convey him northerly on Main Street. Seeing none, he started northward toward the southwest corner of Jefferson and Main about 80 feet distant where he saw a standing yellow car that would turn north on Main. He looked across Main Street while 25 feet south of the Air Line track. He always looked "in that direction because there is cars coming sometimes on the Pacific Electric tracks going from east to west." Although he saw 140 feet east on the Air Line track he observed no car approaching. He proceeded "straight ahead toward the car . . . that was at Jefferson. When I was in the middle of the track . . . all of a sudden there is a car two or three feet from me, . . . coming from my right over the west sidewalk . . . there was no bell, no ringing, no whistling, so I tried to save myself, but it was too near me." The fender struck his left foot; "and so the car slowed down . . . the top of the fender hit me on the head then I fell over on the south side . . . entirely south of the track." This car stood 12 feet, 10 inches high; 9 feet, 10 inches wide, and weighed 78,900 pounds. At the time of the accident there was no watchman at the point of the intersection of the sidewalk with the Air Line, no wigwag signal nor railway crossarm.

However, there were the customary "X" signs of a railroad crossing suspended from wires over the street, 20 feet above the pavement, one south of the Air Line, and one to the north. The sun was shining and appellant had looked to the east down the Air Line track and had seen no car, notwithstanding that the track is straight for over 300 feet east of Main Street and no object obstructed his view in that direction. The red car had started up from a standing position on the east side of Main Street and was moving at a pace of about 5 miles per hour when the motorman, then 20 feet from the point of impact, noticed that appellant did not see the car. It was impossible then by the exercise of ordinary care for him to stop the huge car within less than 20 or 30 feet, although he applied the emergency brakes as appellant hurried to the point of impact.

The court granted the motion for nonsuit on the ground of appellant's gross negligence which proximately and directly contributed to the happening of the accident.

■ Considering only the most favorable evidence presented the judgment is justified. Appellant was in all re-

spects normal. It was daylight; while he had never seen a red car go by, yet he knew the Air Line track was there; he had often heard its freight trains passing as he worked. The railroad crossing sign hung above the street between him and the company's track. After one look eastward down the right of way while he was 25 feet south of the point of impact, he never looked again as he strode that 25 feet during which the red car was either standing at its approach into Main Street or was moving its ungainly bulk across that boulevard. Had he looked to the northeast before stepping onto the track necessarily he would readily have seen the car. Had he in the exercise of ordinary care looked at any time as he proceeded from the point 25 feet south of the track he would have seen the red car and have avoided his injury. The inferences were therefore unavoidable that he was negligent and that his negligence caused his injuries. (*Deike* v. *East Bay Street Railways, Ltd.*, 7 Cal.App.2d 544, 551 [46 P.2d 812]; *Flores* v. *Los Angeles Railway Corp.*, 15 Cal.App.2d 576, 579 [59 P.2d 856]; *Locke* v. *Los Angeles Railway Corp.*, 10 Cal.App.2d 478, 480 [51 P.2d 1111].)

If appellant looked as he says and did not see the enormous car within his view he was negligent in not seeing. If he failed to look, which he denies, he was negligent in such failure. Before stepping onto the track of an interurban or street railway it is the duty of any pedestrian to stop and look in the direction of anticipated danger and to continue to be alert for perils of the roadbed. (*Jonas* v. *Los Angeles Railway Corp.*, 57 Cal.App.2d 824, 828 [136 P.2d 39].)

Where a person steps upon a track directly in front of an approaching car and is promptly struck by it, his contributory negligence is a necessary inference. (*Schooley* v. *Fresno Traction Co.*, 56 Cal.App. 705, 710 [206 P. 481].)

Other than appellant's contemptuous disregard of possible danger no rational explanation of the accident is at hand. Since he could have stood on the sidewalk south of the track as the ponderous engine neared him it is inescapable that the accident was due solely to his negligence if not his foolhardiness. (*Gore* v. *Market Street Railway Co.*, 4 Cal.2d 154, 158 [48 P.2d 2].) No danger was present to discourage his loitering for a moment there. If he chose to race with fate and the red car, his only safety lay in speeding across the track before it could arrive at the sidewalk. To step upon a track while ignoring a slowly approaching locomotive is to invite injury.

■ Appellant contends that he is entitled to the benefit of the presumption that a person takes ordinary care of his own concerns. (Code Civ. Proc., § 1963, subd. 4.) Such contention has been divested of all merit by decisions of the courts. It is the established rule that when satisfactory proof concerning a fact is wholly irreconcilable with that presumption "the latter is dispelled and disappears from the case." (*Westberg* v. *Willde,* 14 Cal.2d 360, 365 [94 P.2d 590]; *Dull* v. *Atchison, Topeka & Santa Fe Railway Co.,* 27 Cal.App.2d 473, 477 [81 P.2d 158]; *Heintz* v. *Southern Pacific Co.,* 63 Cal.App.2d 699, 706 [147 P.2d 621].) In support of his thesis that he is entitled to the presumption appellant cites *Smellie* v. *Southern Pacific Co.,* 212 Cal. 540 [299 P. 529], and *Ellison* v. *Lang Transportation Co.,* 12 Cal.2d 355 [84 P.2d 510]. They are readily distinguished. In the Smellie case the decedent was a guest in the truck of one Ireland at the time of the fatal accident. Ireland was in sole control of the truck and deceased was not responsible for the operation of the truck. He could not therefore have been guilty of contributory negligence. Since there was no evidence that he did not exercise ordinary care or that he did not commit an overt act the presumption was available to his heirs. In the Ellison case the instruction was that the presumption remained only until it was overcome by satisfactory evidence. The absence of such qualifying language has required reversal on other occasions. (See *Kelly* v. *Fretz,* 19 Cal.App.2d 356 [65 P.2d 914].)

■ It is contended that "it is clear that under the circumstances of this case the plaintiff was not required to stop, look and listen before entering upon defendant's track," citing *Amendt* v. *Pacific Electric Railway Co.,* 46 Cal.App.2d 248, 256 [115 P.2d 588]; *Lund* v. *Pacific Electric Railway Co.,* 25 Cal.2d 287, 297 [153 P.2d 705]; *Scott* v. *San Bernardino Valley Traction Co.,* 152 Cal. 604 [93 P. 677]. Appellant's argument is that the old rule of "stop, look and listen" does not apply to crowded streets where rights are equal; that a traveler has a right to assume, until informed to the contrary, that operators of streetcars will use ordinary care, give the usual signals and keep the usual lookout ahead. But the old rule has no application here. Appellant failed to exercise any care at all for his safety, and with utter indifference to results ran onto the track as the interurban car in plain view moved slowly toward the sidewalk on which he

was hastening to board a streetcar. The cases cited by appellant are distinguished by the facts proved with reference to the crowded streets, the unusual amount of vehicular traffic, the presence of two trains, the plaintiff's having been struck by a car behind him, obstruction of the view of the railway, a bicyclist's being overtaken and struck by a car.

Finally, appellant contends that the judgment for nonsuit was error because "the facts establish that defendant Brown had the last clear chance to avert the accident," citing *Darling* v. *Pacific Electric Railway Co.*, 197 Cal. 702 [242 P. 703]. The Darling case is distinguished in that at the time Mrs. Darling reached the track the approaching car was obscured by heavy vehicular traffic. While she was apparently unconscious of the near presence of the electric car, the motorman saw her predicament as he was crossing the intersecting street. The jury determined, although she was contributorily negligent, (1) that after Mrs. Darling became aware of her peril she could not by the use of ordinary care have extricated herself, and (2) that the motorman had actual knowledge of her situation and by ordinary care could have avoided striking her.

A motorman is not charged with knowledge that a pedestrian will leave a place of safety for one of grave peril, or that he will not exercise his faculties of observation and caution and recklessly expose himself to danger, when it is clear that by merely seeing an obvious, destructive engine and by remaining off its fixed and certain path he would be assured of his safety. (*Korchak* v. *Pacific Electric Railway Co.*, 9 Cal.App.2d 89, 93 [48 P.2d 752].)

In view of the foregoing it is not necessary to discuss appellant's argument that defendants were negligent. The nonsuit was granted solely upon the ground of appellant's contributory negligence.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.